THE BABCOCK PRINTING PRESS MANUFACTURING COMPANY, Respondent, *v.* GEORGE E. RANOUS, Appellant, Impleaded with ELIZABETH SHERWOOD et al., Respondents.

1. INSURANCE — VALIDITY OF A VOLUNTARY AGREEMENT BY A FOREIGN INSURANCE COMPANY CREATING A FUND FOR THE BENEFIT OF POLICY-HOLDERS. An agreement between a foreign insurance company and an agent representing it in the state, whereby sixty per cent of the net premiums received by the latter for insurance were to be deposited in trust for the benefit of such persons in the United States as shall effect insurance in the company through his office, is not invalid as against policyholders not beneficiaries thereunder, in the absence of fraud or some positive law forbidding it.

2. EFFECT OF ATTACHING FUND AS WAIVER OF RIGHT TO ASSERT TRUST THEREIN. Policyholders who are the beneficiaries of such trust fund do not waive their rights as beneficiaries as against an attaching creditor of the insurance company by themselves attaching the fund subsequently to his attachment.

*Babcock P. P. Mfg. Co.* v. *Ranous,* 31 App. Div. 629; affirmed.

(Argued November 1, 1900; decided November 16, 1900.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 19, 1898, affirming a judgment in favor of plaintiff and the defendant Sherwood, entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Omar Powell* and *Daniel L. Cady* for appellant. The contract between Baynes and Lewis did not purport to be the

contract of the Great Northern Insurance Company. (*Newton* v. *Bronson*, 13 N. Y. 587; *Mayor, etc.*, v. *Stuyvesant*, 17 N. Y. 34.) The contract did not create a trust. (*Hermans* v. *Robertson*, 64 N. Y. 332; *Kelly* v. *Robertson*, 40 N. Y. 432; *Butler* v. *Duprat*, 20 Wkly. Dig. 350; *Sullivan* v. *Sullivan*, 161 N. Y. 554; *Williams* v. *Ingersoll*, 89 N. Y. 508; *Thomas* v. *N. Y. & G. L. R. Co.*, 139 N. Y. 163; *Uhlman* v. *N. Y. L. Ins. Co.*, 109 N. Y. 421; *S. I. C. & B. B. Club* v. *F. L. & T. Co.*, 41 App. Div. 321.) By attaching and basing their rights in this action upon their judgments in attachment, the plaintiff and the defendant Sherwood are estopped from claiming the money as a trust fund and not subject to attachment. (*Evans* v. *Warren*, 122 Mass. 303; *Haynes* v. *Sanborn*, 45 N. H. 329; *Citizens'. Bank* v. *Dows*, 68 Iowa, 460; *Buck* v. *Ingersoll*, 11 Metc. 226; *Legg* v. *Williard*, 17 Pick. 140; *Jacobs* v. *Latour*, 5 Bing. 130; *Steinbach* v. *R. F. Ins. Co.*, 77 N. Y. 498; *Fowler* v. *B. S. Bank*, 113 N. Y. 450.)

*Joseph H. Fargis* for respondents. The agreement was properly made for the express purpose of creating a fund for the protection of certain policyholders. (*R. L. Works* v. *Kelly*, 19 Hun, 399; 88 N. Y. 234; *Martin* v. *Funk*, 75 N. Y. 134; *Ruggles* v. *Chapman*, 59 N. Y. 163; *Matter of H. P. S. F. Assn.*, 129 N. Y. 288.)

O'BRIEN, J. This is a controversy between the different classes of creditors of a foreign insurance company for the appropriation of a special fund on deposit in the trust company to the credit of the defendants Lewis and Baynes for the benefit of the plaintiff and other policyholders as they claim.

It appears from the pleadings, proofs and findings in the case that on the 3d day of November, 1893, one Lewis was acting as the agent in the city of New York of the Great Northern Insurance Company of Manitoba, Canada, soliciting applications for insurance, receiving premiums and delivering

policies.   As a condition of accepting the agency he stipu-
lated with the company that sixty per cent of the net premiums
received by him for insurance should be deposited in trust for
the benefit of such persons in the United States as should
effect insurance in the company through his office.   There
was an agreement in writing to that effect between him and
the general manager of the company, and in pursuance of
that instrument the premiums were deposited and such deposits
constitute the fund in question.   The plaintiff and the defend-
ant Mrs. Sherwood claim this fund as beneficiaries under the
agreement, since they belong to that class of policyholders for
whose benefit it was created, namely, those procuring their
insurance through Lewis, the agent.

It is admitted that there was a loss upon these two policies
which is sufficient in amount to absorb the fund.   The other
claimant of the fund is the defendant Ranous, as assignee of
a policyholder in St. Louis upon whose policy there was also
a loss, and he claims under an attachment in an action upon
the policy in the courts of this state.   The validity of this
claim depends upon the question whether at the time of the
levy under the attachment the fund belonged to the company
or to the policyholders whose insurance was written by Lewis.
If it belonged to the latter, then the attaching policyholder
had no interest in it, since his policy was not procured through
the New York agency of Lewis.

The learned trial judge held that the fund belonged to the
plaintiff and the other creditor whose insurance contract was
issued by or from the New York agency, and that the attach-
ing creditor acquired no lien as against them, and this decision
was affirmed on appeal.

It is not alleged or found that the trust agreement under
which the fund was deposited is affected by any fraudulent
purpose on the part of the company, nor is it alleged or found
that the company is insolvent.   So far as we can know from
this record it is abundantly able to pay all of its creditors in
full.

The answer of the attaching creditor alleges that the insur-

ance company was not authorized to transact business in this state, but the findings are silent on the point, and even if the fact had been found we cannot perceive how it would aid his claim    All the parties claim title or right to the fund under or through the company. They are all in the attitude of asserting that the premiums paid by local policyholders from which the fund was derived were paid upon contracts of insurance with the company, and hence they are not in a position to question the right of the company to receive and dispose of the money thus paid. Indeed, any view of the case that would deny the right of the company to receive and dispose of the money paid for premiums would be fatal to the claim of the attaching creditor. If the money did not belong to the company, then it belonged to Lewis, who received it as agent, and he is in the attitude of asserting that it belongs to the plaintiff and the other defendant, for whose protection, in case of loss upon their policies, he deposited it in trust. Neither party can claim the fund without adopting, or at least recognizing, the agencies through which it was created.

The decision of the court below is unanimous, and in this court it must be assumed that the parties who professed to act for the company in setting aside the fund for a special purpose had in fact authority to do so. The finding is that the company by its manager and trustee entered into the written agreement with Lewis, the agent or underwriter, whereby sixty per cent of the premiums received by him were to be deposited as a special trust fund and devoted to the protection of any losses upon policies written by him for parties in this country. The writing itself was produced at the trial and appears in the record. It certainly warranted the finding. The only question that can arise is with respect to the authority of the person who assumed to act as manager or trustee for the company to make it. The proof on that point was very slight, if indeed there was any at all. But the paper was admissible in evidence, since it was the very instrument under which the fund was accumulated and without which the money could not be traced to the company or its business.

It was the only proof in the case that the fund represented premiums received in the business of insurance, and that fact was as important to the attaching creditor to uphold the attachment as to the other parties to establish the trust. It may be that it should have been supported by proof of some express authority from the company to create a trust for the benefit of particular creditors with a portion of its funds. However that may be, the defect, if any, was a defect in the proof of a fact which was in issue, namely, the authority to make the agreement, and this court is concluded on all matters of fact by the finding and unanimous decision below.

The paper on its face purported to be the act of the company, and was executed by the two persons who represented it in this state and the only persons who ever assumed to represent it, so far as appears from the record. The paper was, therefore, admissible, and all that can be said now concerning it is that it was not sufficient to establish the fact in issue. But in this court, after the fact has been found and the finding affirmed on appeal by a unanimous decision, we are not concerned with questions touching the mere sufficiency of proof.

The only question of law in the case is whether the representatives of the company in this state severed the fund in question from the assets of the corporation and placed it in a special trust for the benefit of the plaintiff and such other policyholders as fall within the class described in the written instrument. If so, it was beyond the reach of the attachment, and the attaching creditor acquired no lien.

We can perceive no reason for questioning the validity of this transaction. We think that the purpose of the company, manifested by the writing and the act of the agent in making the special deposit, created a valid trust for the benefit of the policyholders who had intrusted their business to him, and perhaps had no other security for the payment of the risks insured. While the transaction was unusual and peculiar, it must be borne in mind that we are not in possession of all the facts that led up to it and that might have rendered it neces-

sary.  A foreign insurance company is required by law, as a
condition of acquiring the right to do business in this state, to
deposit a large fund for the security of local policyholders.
The transaction in question was the voluntary act of the com-
pany in which it attempted to do for a few persons what the
state would require it to do for many.  (*People* v. *Granite
State Provident Assn.*, 161 N. Y. 492.)  In the absence of
fraud or some positive law forbidding such a disposition of
any part of its funds by a corporation, there is no reason to
doubt the validity of the transaction, and, moreover, we think
that the principle has been sanctioned by this court.  (*Rogers
Locomotive & Machine Works* v. *Kelley*, 88 N. Y. 235.)  The
company in this case put the fund in question beyond its control
as effectually as in the case cited ; and if so, that fact is a com-
plete answer to the claim of the attaching creditor.  The fact
that the plaintiff and the other policyholder who recovered in
the courts below also attached the fund subsequent to the
appellant, cannot operate to change the title.  Nor was it a
case where a party avails himself of an inconsistent remedy.
The doctrine of the election of remedies has no application to
such a case.  A party who owns a fund to be applied in pay-
ment of his debt does not lose his right to it because he has
sued the debtor and attempted to apply the fund in satisfac-
tion of the judgment.  Whatever title to the fund that the
plaintiff and the other policyholder acquired under the trust
agreement was not lost or affected by a proceeding at law for
the collection of the debt.  The action at law was perhaps
necessary in order to liquidate the claims for loss upon the
policies, and the mere fact that they also levied upon the fund
did not operate to divest any right to it that they acquired
under the trust agreement.

We think that the judgment is right and should be affirmed,
with costs.

PARKER, Ch. J., GRAY, HAIGHT, LANDON, CULLEN and
WERNER, JJ., concur.

Judgment affirmed.