(92 App. Div. 262.)

NATIONAL PARK BANK OF NEW YORK v. CLARK et al.

(Supreme Court, Appellate Division, First Department. March 11, 1904.)

1. ATTACHMENT—LIEN—SUBSEQUENT APPOINTMENT OF RECEIVER OF DEBTOR—EFFECT.

The lien acquired by a beneficiary in a life policy whose claim has been allowed by the insurer, a foreign corporation, by attaching property belonging to the insurer found in New York, is not defeated by the subsequent appointment in New York of a receiver of the insured.

2. LIFE INSURANCE—FUND DERIVED FROM ASSESSMENTS—DEPOSIT IN BANK—RIGHT TO ATTACH.

The fund of a life insurance company was derived from assessments for the payment of death claims, but was not expected to be used for the payment of any particular claim, being collected for the payment of approved claims generally. The fund was deposited in a bank, payable to the company, or its order, on demand, and was the property of the company. Held, that the relation between the bank and the company was that of debtor and creditor, and hence a beneficiary in a life policy whose claim had been approved had a right to attach the fund in the bank, so as to acquire a lien thereon which would not be defeated by the subsequent appointment of a receiver of the company.

¶ 1. See Receivers, vol. 42, Cent. Dig. § 142.

Appeal from Special Term, New York County.

Bill of interpleader by the National Park Bank of New York against Cyrus J. Clark and others, receivers of the Supreme Council of the Order of Chosen Friends, and against Lizzie G. Brown. From a judgment for the receivers, Lizzie G. Brown appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

James S. Darcy, for appellant.
William L. Mathot, for respondents.
Thomas Cooper Byrnes, for respondent Clark.

HATCH, J. The plaintiff, a national banking association, brought this action in equity, in the nature of a bill of interpleader, in order that it might pay into court the amount of a deposit of $7,067.32, carried on its books to the credit of the "Supreme Council of the Order of Chosen Friends Relief Fund." The plaintiff asked that upon payment it be discharged from further liability, and that the defendants settle among themselves their conflicting claims to the fund. The relief sought upon the part of the plaintiff was granted, and upon payment of the money into court the plaintiff was dismissed from the action by an interlocutory judgment entered therein. The appellant claimed a lien upon the fund to the extent of $1,800 by virtue of an attachment levied thereon. The respondents claim the entire fund by virtue of their appointment as receivers of the corporation to which the fund belonged. The issues raised by the conflicting claims of the defendants were thereafter tried, and resulted in a judgment in favor of the receivers. The facts are undisputed, and, so far as material, are as follows: The Supreme Council of the Order of Chosen Friends was a fraternal, beneficiary corporation, incorporated under the laws of the state of Indiana, and had its principal place of business in Indianapolis, in that state. The corporation in all its branches was controlled by a board known as the "Supreme Council." A grand council was organized in each state where the corporation did business, and this grand council had jurisdiction over the local councils of that state. The corporation had articles of association, a constitution and by-laws, regulating the business and the control of its members. It issued a certificate or policy of insurance to its members, which provided that upon the death of a member in good standing it would pay to the beneficiary named therein the amount called for in the certificate. The funds requisite for the payment of these obligations were obtained by the corporation through assessments levied upon the members, collected by the local councils and transmitted to the corporation. Ninety per cent. of the money thus realized was devoted by the corporation to the payment of its certificate obligations, and this money was deposited in a fund known as the "Relief Fund," the remaining 10 per cent. being devoted to the general expenses of the corporation. The assessments were not levied to pay particular claims, but to pay claims generally. The relief fund money of the corporation was deposited in various banks throughout the country, and the plaintiff bank was one of such depositories, and had on deposit, at the time this action was commenced, the sum of $7,067.32. Checks in the form of a warrant were

issued by the corporation in payment of the approved claims, and such checks were paid by the bank as presented, without regard to the order in which they were issued by the corporation.  On the 1st of July, 1900, Mary C. Vandervoort died, a member in good standing, the appellant, Brown, being her daughter, and the beneficiary named in her certificate of insurance for the amount of $2,000.  The appellant's claim was duly approved by the corporation, which paid $200 on account of the claim upon July 16, 1900, and the balance of $1,800 still remains unpaid.  On December 15, 1900, the appellant being a resident of Kings county, N. Y., began an action at law in the Supreme Court of that county against the corporation to recover the said sum of $1,800. In that action a warrant of attachment was issued on the ground that the defendant was a foreign corporation, and the warrant was duly served upon the bank by the sheriff of New York county, and the same has never been vacated.  Other attachments on similar claims were levied upon the fund, but none of those attaching creditors have appealed.  On December 14, 1900, the defendant Clark was appointed temporary receiver of the corporation by the Supreme Court of Indiana, on the ground that the corporation was, and had long been, insolvent, and on December 18, 1900, the respondent Clark made a demand upon the bank for the sum deposited therein, payment thereof was refused, and upon December 19, 1900, Clark began an action in the Supreme Court to recover said amount.  In May, 1901, Clark was appointed permanent receiver of the corporation by a judgment of the Supreme Court of Indiana, by which judgment dissolution of the corporation was also decreed.  On December 22, 1900, the respondent Martin was appointed temporary receiver of the assets of the corporation within the state of New York.  On December 27, 1900, the bank instituted the action of interpleader, and the court ordered that the fund be paid into court, subject to all the existing liens.  It is the contention of the defendant receivers that the fund should be paid to the New York receiver, and, after his fees and expenses are deducted, that it should then be paid over to the Indiana receiver, and by him disbursed to all the creditors of the corporation pro rata; the court below so held, and from the judgment entered thereon this appeal is taken.

Upon the death of Mrs. Vandervoort the appellant, Brown, became entitled to receive from the corporation the amount represented by the beneficiary certificate.  The claim thereunder having been approved by the corporation, it became a liquidated claim for that amount, and Mrs. Brown thereupon became a creditor of the corporation.  The obligation resting upon it was to pay the claim, and, failing in that, it was guilty of a breach of contract, and Mrs. Brown became vested with a cause of action against the corporation upon such breach (Matter of Equitable Ass'n, 61 Hun, 299, 16 N. Y. Supp. 80); Strasser v. Staats, 59 Hun, 143, 13 N. Y. Supp. 167; Anderson v. S. C. of O. of C. F., 135 N. Y. 107, 31 N. E. 1092.  This is the recognized rule of law in the state where the corporation was created.  Elkhart Mut. Aid & B. Ass'n v. Houghton, 103 Ind. 286, 2 N. E. 763, 53 Am. Rep. 514. Being thus invested with a cause of action, Mrs. Brown had the right to resort to any remedy authorized by the law of this jurisdiction to

enforce her claim. The defendant corporation having property and funds within this state, and being a foreign corporation, a remedy by attachment in favor of the creditor came into existence. Code Civ. Proc. §§ 635, 636. Under such circumstances an attachment regularly issued creates a right in the creditor to the fund or property upon which the same is levied, superior in right to the claim of a receiver of the corporation appointed in the home jurisdiction, even though such receivership is prior in point of time to the levy of the attachment, if it be levied prior to the appointment of a receiver in this state. Hammond v. Nat. Life Ass'n, 58 App. Div. 453, 69 N. Y. Supp. 585; Barth v. Backus, 140 N. Y. 230, 35 N. E. 425, 23 L. R. A. 47, 37 Am. St. Rep. 545; Mabon v. Ongley Electric Co., 156 N. Y. 196, 50 N. E. 805.

It is said, however, that this rule conflicts with the decision announced by the Appellate Division in the Second Department in Popper v. Supreme Council, 61 App. Div. 405, 70 N. Y. Supp. 637, which case was cited with approval in Hallenborg v. Greene, 66 App. Div. 590, 73 N. Y. Supp. 403. The most cursory examination shows that this contention is without foundation. In the Popper Case the question arose upon a demurrer to a complaint in an action brought by a creditor of the corporation in this state, on behalf of himself and others similarly situated, for the purpose of having a receiver appointed, to the end that the assets of the corporation might be equally distributed among the persons entitled thereto, and the court therein simply passed upon the sufficiency of the complaint as stating facts sufficient to constitute a cause of action, and reached the conclusion that it did. It did not, however, undertake to determine, nor did it decide, as to the rights of attaching creditors which had become fixed prior to the appointment of a receiver in this state, or prior to the institution of the action therein, the subject of consideration. On the contrary, the court expressly said:

"We are not now concerned with the question of the distribution or disposition of the funds in the manner adopted in that case [referring to People v. Granite S. P. Ass'n, 41 App. Div. 257 (58 N. Y. Supp. 510)], but simply with the question of jurisdiction, and whether the complaint states facts sufficient to constitute a cause of action."

Undoubtedly, the court had jurisdiction to entertain such an action, and to appoint a receiver in this jurisdiction, so that the fund might be secured for the benefit of the persons equitably entitled thereto, and thereby save the same from waste, through provisional remedies or otherwise. It does not affect the question, however, as to the right of a creditor to levy an attachment upon the funds of the corporation within this jurisdiction, nor does it militate against the right secured thereby, if it be in all respects regular. The right to impound the fund at the instance of all the creditors presents quite a different question from the right of a creditor to enforce his claim by attachment levied prior to the appointment of a receiver within this state, or the institution of an action which seeks to preserve the fund for the benefit of all. The principle decided in that case was approved in the Hallenborg Case, but the court took occasion to say, in the prevailing opinion: "If the court in Arizona should appoint a receiver, its order would not operate upon the fund belonging to the Cobre Company now in this

state;" and, in the dissenting memorandum made by the learned Presiding Justice therein, it is stated: "I do not think that we can reach anything but the fund here;" thus clearly disclosing that it was the opinion of the court that the appointment of a receiver in the foreign jurisdiction did not operate to prevent securing liens upon the fund, or to divest such lien after the appointment of a receiver in this state. On the contrary, such rights are supported by the decision rendered therein.

It follows, therefore, that, as no receiver had been appointed in this state at the time of the levying of this attachment, Mrs. Brown acquired perfect right in the fund to the extent of her claim, unless she be defeated for other reasons. She has been defeated in enforcing such right by the judgment rendered in this action, based upon the ground that the fund deposited with the plaintiff bank was a trust fund, impressed with the payment of those entitled to share in the relief fund of the corporation. It appeared by the complaint that the relation which existed between the bank and the corporation was the ordinary one of creditor and debtor, created by the deposit of the money with the bank, which was subject to the check or warrant of the corporation. So far as the pleadings are concerned, there is no disagreement between the defendant receivers and the bank in this respect. The answer of the Indiana receiver avers that the plaintiff "received on deposit and agreed to repay to the said the Supreme Council of the Order of Chosen Friends, or to its order, on demand." And at the time of the appointment of the receiver "there remained in the hands of said plaintiff, of the said moneys so deposited as aforesaid, a balance undrawn." The averment in the answer of the New York receiver is "that the said funds so on deposit with the plaintiff herein, or for which it was indebted to said supreme council at the times hereinbefore mentioned, * *. * was the property of the Supreme Council of the Order of Chosen Friends when these defendants were appointed receivers as aforesaid, and they, as such receivers, are entitled to the same, in pursuance of the terms of said final judgment." It is apparent, therefore, that, so far as the pleadings are concerned, the relation shown to exist between the bank and the corporation was that of debtor and creditor, and the express averment is that the money was the property of the corporation. The money collected upon the assessments for the payment of death claims, and which was set apart or kept in a relief fund, did not cease, by reason of such setting apart, to be the property of the corporation. The money raised by a particular assessment was not used or expected to be used for the payment of a particular death claim. On the contrary, the fund thus collected was used for the payment of claims generally, and claims which had been approved, and for which a warrant was issued, were paid therefrom without regard to the priority of the issuance of the warrant. It was a general fund created for that purpose, but it did not belong either to the insured or the beneficiary. The issuance of the warrant for the payment of an approved claim did not create a lien thereon, nor did it transfer title to the fund, any more than any other check or order for the payment of money, and until paid the money remained, in the inception of the fund down until final payment, the property of

the corporation, and as such it was unimpressed with any trust in favor of particular individuals or claims. Such has been the effect of repeated adjudications. People ex rel. Attorney Gen. v. Life & R. Ass'n, 150 N. Y. 94, 116, 45 N. E. 8; People v. Grand Lodge of Empire Order, 156 N. Y. 533, 540, 51 N. E. 299; People v. Security L. Ins. & A. Co., 78 N. Y. 114, 34 Am. Rep. 522. It was said by Judge Earl in the last-cited case:

"The fund produced by the payment of all the premiums does not in any sense belong to the policy holders, but belongs exclusively to the company; and the policy holders are interested in it in the same way only that the creditors of any other corporation are interested in its fund."

Fisher v. Andrews, 37 Hun, 176; Buswell v. Order of the Iron Hall, 161 Mass. 224, 36 N. E. 1065, 23 L. R. A. 846.

The only trust in connection with this fund was the trust reposed in the corporation itself, acting through its managing officers, to apply with fidelity the moneys collected to the payment of the claims for which it was collected; but such fact did not make it any less the property of the corporation, or change its character as a fund with which to pay creditors. It is very likely true that, immediately upon the appointment of receivers in this jurisdiction, title to the moneys would become vested in them, but such vesting does not change the character of the fund, or destroy the right secured by the levying of an attachment. In such case it would become the duty of the receiver, upon reducing the fund to possession, to make distribution of the same according to the rights of the parties. The usual course in such proceeding is to provide for the preservation of rights and liens acquired before the appointment of a receiver, by attaching creditors and others entitled to particular rights, in the order authorizing the receiver to possess himself of the fund. Woerishoffer v. North River Construction Co., 99 N. Y. 398, 2 N. E. 47; Walling v. Miller, 108 N. Y. 173, 15 N. E. 65, 2 Am. St. Rep. 400; Matter of S. T. B. Co., 136 N. Y. 169, 32 N. E. 623, 20 L. R. A. 391. The appointment of the receiver preserved the fund for those entitled thereto, and it may be that, in the equitable distribution of the assets of the corporation which come to the hands of the receivers, particular creditors will be entitled to payment from particular funds held by the corporation, and that those entitled to share in the relief fund may be entitled to preference therein, superior to the rights of general creditors of the corporation; but such fact does not divest the lien of an attachment which has been regularly levied upon the property of the corporation prior to the appointment of the receiver within the jurisdiction where the attachment is levied.

It necessarily follows from these views that Mrs. Brown acquired a perfect lien, to the extent of her claim, upon the fund in question. Such claim she is entitled to enforce as against the receivers, and it becomes their duty to recognize and pay such claim. As the facts are not in dispute, and show right in Mrs. Brown to be paid from this fund, it follows that the judgment should be reversed, and judgment pass in favor of Mrs. Brown for the payment of the amount of her claim from the fund; costs of the action awarded to the appellant, Brown. All concur.