WULFF v. ROSEVILLE TRUST CO. OF NEWARK, N. J., et al.   (No. 6179.)

(Supreme Court, Appellate Division, First Department.   November 6, 1914.)

1. BANKS AND BANKING (§ 317*)—INSOLVENCY—PURCHASER OF ASSETS.

Where the commissioner of banking in a foreign state sold the assets of an insolvent trust company to a corporation organized to take over its business, the purchasing corporation has the same right to recover the assets of the insolvent trust company held by a domestic bank, and which had been attached by a domestic assignee of one of the trust companies' creditors, that the commissioner would have had.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. § 1222; Dec. Dig. § 317.*]

2. ATTACHMENT   (§ 180*)—PRIORITIES—ASSIGNMENT FOR BENEFIT OF CREDITORS.

The rule that an involuntary assignment for the benefit of creditors under the bankruptcy or insolvency laws of a foreign state will not be recognized, as against the subsequent lien of an attachment in favor of a domestic creditor, does not apply to a voluntary assignment in a foreign state, which does not discharge the debtor.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 453, 550–575; Dec. Dig. § 180.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. BANKS AND BANKING (§ 317*)—INSOLVENCY—LIEN—PRIORITY.
    Where creditors of a foreign trust company, which was in the hands
of the banking commissioner of its home state, assigned their claims to
a resident, who attached assets of the trust company then held by a do-
mestic bank, the banking commissioner will be accorded by comity the
rights of an assignee under a voluntary assignment, and his rights held
superior to the attachment.
    [Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. § 1222;
Dec. Dig. § 317.*]

Appeal from Special Term, New York County.

Attachment by Richard J. Wulff against the Roseville Trust Com-
pany of Newark, N. J., in which the Mutual Bank of Roseville, as
assignee of the right of the defendant to the attached property, moved
to vacate the attachment. From the order denying its motion, the
assignee appeals. Reversed, and motion granted.

See, also, 162 App. Div. 903, 146 N. Y. Supp. 1119.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-
LIN, CLARKE, and SCOTT, JJ.

Edward F. Clark, of New York City (Roger Hinds, of New York
City, on the brief), for appellant.

George W. Study, of New York City, for respondent.

LAUGHLIN, J. The appellant succeeded by assignment to the
right, title, and interest of the defendant in and to the property upon
which the attachment was levied, and as such assignee made the mo-
tion to vacate the warrant of attachment. The standing of an as-
signee to make the motion is sustained by the provisions of section
682 of the Code of Civil Procedure and by the decisions of the courts
thereunder. Merriam v. Wood, etc., Co., 19 App. Div. 329, 46 N.
Y. Supp. 484.

The action is on assigned claims of depositors in the defendant,
which is a trust company duly organized under the laws of the state
of New Jersey, and conducted a banking and trust business at New-
ark, in that state. Pursuant to the provisions of section 22 of a statute
of the state of New Jersey, entitled "An act concerning trust com-
panies (Revision of 1899)," as amended by chapter 171 of the Laws
of 1913, on the 1st day of April, 1913, which is in all respects similar
to the statutory provisions of this state relating to the same subject,
the commissioner of banking and insurance of the state of New Jersey
took possession of the property and business of the defendant on the
14th day of August, 1913, and forthwith on the same day, pursuant
to the provisions of the statute duly notified the Irving National
Bank of the city of New York, which held securities of the defend-
ant, or the proceeds thereof, of his appointment and of his right
to the possession of its property thereunder. The facts bringing
the defendant within the operation of said statute and giving the com-
missioner of banking and insurance jurisdiction so to take possession
of its property and business are sufficiently shown and are uncontro-
verted.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

At that time one Macksey and his wife each had a deposit account with the defendant, and its books showed a balance of $940.59 owing to said Macksey and $92.49 owing to his wife. Macksey then conducted business in Newark, and his place of business was on the same street and directly opposite the place of business of the defendant. Both Macksey and his wife then resided, and at the time of the commencement of this action continued to reside, in said city. On the 2d day of October, 1913, Macksey's wife assigned her claim to the deposit fund to him, and the assignment was duly filed with the deputy commissioner of the banking department of New Jersey in charge of the defendant; and on the 3d day of October, 1913, Macksey assigned both his wife's claim and his own claim to the plaintiff, a resident of this state, who on the next day verified the complaint in this action, which is in the Supreme Court, New York county, to recover on the assignments, and obtained a warrant of attachment on the ground that the defendant is a nonresident, and the attachment was levied on said property held by the Irving National Bank two days thereafter. The defendant appeared in the action and served a verified answer, putting in issue the material allegations of the complaint. It made a motion on the 30th day of December, 1913, but it does not appear whether before or after answering, which, however, is immaterial (see section 682, Code of Civil Procedure), on the papers on which the attachment was granted, to vacate the same. The motion was denied, and the order was affirmed by this court. Wulff v. Roseville Trust Co., 162 App. Div. 903, 146 N. Y. Supp. 1119.

[1] It was shown by affidavit, and by orders of the Court of Chancery of New Jersey, that on the 15th day of December, 1913, the commissioner of banking and insurance duly petitioned the Court of Chancery on due notice to the depositors, creditors, and stockholders of the defendant, but it does not specifically appear whether or not said Macksey or the plaintiff had notice, for an order authorizing him to sell the assets, property, and effects of the defendant to the appellant, which it appears had been organized "for the express purpose of providing a method whereby the depositors of said defendant, which was then insolvent, could acquire its assets and by continuing the banking business theretofore established in the name of the" defendant "make a portion of their claims immediately available in cash, instead of awaiting the slow, costly process of liquidation," and that the plan of reorganization was assented to by upwards of 95 per cent. of the entire amount of claims of depositors, who exceeded 3,000 in number, and that the plan provided for those who had not assented participating therein in the same manner as those who had assented, by providing for an equitable cash distribution to them, in the event that they should fail to assent; that the plan was duly consummated and confirmed, and the assets of the defendant were duly sold and assigned to the appellant, pursuant to an order of the Court of Chancery on the 9th day of February, 1914, for the sum of $531,-434.97. The appellant, therefore, duly succeeded to the rights of the defendant in and to the property attached, and the question is presented for decision, precisely the same as if the property of the de-

fendant were still in the custody of the commissioner of banking and insurance, and he were here applying to vacate the attachment for the purpose of enabling him to conserve the funds of the defendant to enable it to resume business, or to sell the same for the purpose of securing an equitable distribution of its assets among its depositors and other creditors.

It is stated on the points of the respondent, but does not appear by the record, that the issues in this action have been tried, and the plaintiff obtained judgment on the 18th day of June, 1914, from which no appeal has been taken, that the time to appeal has expired, and that execution has been issued, but the satisfaction thereof has been prevented by a stay in an order granted in an action brought by the appellant against the Irving National Bank to recover the property attached, in which the plaintiff and another attaching creditor were brought in as defendants, and by the refusal of the Irving National Bank to honor the execution.

The ground upon which the appellant claims that the warrant of attachment should be vacated is that at the time the plaintiff received the assignment of the claims the property of the defendant was in the possession of the commissioner of banking and insurance as trustee of an express trust, pursuant to the provisions of the statute, subject to which the plaintiff's assignor held his deposit accounts with the defendant; and the court is asked by comity to apply the same rule that is applied in this jurisdiction where our superintendent of banks takes charge of a bank or trust company, in which case no creditor is permitted to obtain a preference over others, or to obtain a lien upon the property of the bank or trust company, after the superintendent of banks has taken charge thereof. Northern Bank of New York v. Drury, 152 App. Div. 64, 136 N. Y. Supp. 608. See, also, Osgood et al. v. McGuire, 61 N. Y. 524.

The learned counsel for the respondent contends that the general rule of law, by which bankruptcy and insolvency statutes have no extraterritorial effect, and under which the courts in a state where personal property is situated sustain the lien of attachments thereon as against assignees under foreign prior involuntary assignments in insolvency and bankruptcy, and receivers of dissolved foreign corporations (see Willitts v. Waite, 25 N. Y. 577; Kelly v. Crapo, 45 N. Y. 86, 6 Am. Rep. 35; Matter of Accounting of Waite, 99 N. Y. 433, 2 N. E. 440; National Park Bank v. Clark, 92 App. Div. 262, 87 N. Y. Supp. 185; Barth v. Backus et al., 140 N. Y. 230, 35 N. E. 425, 23 L. R. A. 47, 37 Am. St. Rep. 545; Warner v. Jaffary et al., 96 N. Y. 248, 48 Am. Rep. 616; see, also, Hammond v. National Life Ass'n, 58 App. Div. 453, 69 N. Y. Supp. 585; Petersen v. Chemical Bank, 32 N. Y. 21, 88 Am. Dec. 298), is applicable to the case at bar. That rule has been applied for the protection of domestic creditors; and on the same theory it was held in Petersen v. Chemical Bank, supra, that a foreign administrator or executor will not be permitted to sue in this state to recover the assets of an estate of one domiciled at the time of his death in another jurisdiction; but in such case provision is usually made for administration for the benefit of local creditors in the state where the personal property is located. In National

Park Bank v. Clark, supra, the general rule was applied in favor of an attaching beneficiary under a policy in a foreign corporation, which was in the hands of a receiver for dissolution, without any discussion of the question as to whether the claim of the beneficiary under the policy was, by virtue of the nature of the contract, limited, in case of the insolvency of the corporation, to a pro rata share only of its assets according to the statute of the state of incorporation, although that question appears to have been presented in a general way by the points; but that distinction has been taken and a contrary rule adopted in other jurisdictions. Bockover v. Life Association of America, 77 Va. 85; Fry v. Charter Oak Life Ins. Co. (C. C.) 31 Fed. 197. See, also, Relfe v. Rundle, 103 U. S. 222, 26 L. Ed. 337.

Attention is drawn to the fact that the strict rule on this subject applied by the courts in favor of home creditors is not universal, as indicating that it should not be extended. As commerce and commercial transactions between the citizens of the different states have increased, the tendency has been to extend the rule of comity, where not incompatible with our own laws and with the rights of the citizens of our state. See Kelly v. Crapo, supra; Marshall v. Sherman, 148 N. Y. 9, 42 N. E. 419, 34 L. R. A. 757, 51 Am. St. Rep. 654; Howarth v. Angle, 162 N. Y. 179, 56 N. E. 489, 47 L. R. A. 725.

[2] The authorities, however, are in substantial accord to the effect that a voluntary assignment for the benefit of creditors, which does not discharge the debtor, is recognized in other jurisdictions as passing title to the assignee, not only to the property within the state where the assignment is made, but elsewhere. Barth v. Backus et al., supra; Frazier v. Fredericks, 24 N. J. Law, 162; Union Savings Bank & Trust Co. et al. v. Indianapolis Lounge Co., 20 Ind. App. 325, 47 N. E. 846. The courts of New Jersey recognize New York assignments for the benefit of creditors which would be invalid under the law of New Jersey, and enforce them in favor of the assignee as against an attachment procured by a New York creditor (Moore v. Bonnell, 31 N. J. Law, 90); and such is the rule in other jurisdictions (Burlock v. Taylor [Mass.] 16 Pick. 335; Sanderson v. Bradford, 10 N. H. 265; Bholen v. Cleveland, 5 Mason, 174, Fed. Cas. No. 1,381).

[3] The purpose for which the assignment was made to the plaintiff in the case at bar is not shown, other than as may be inferred from the fact that the suit was immediately brought to attach the property in question. The rights of the commissioner of banking and insurance had become fixed before the assignment of the claims to the plaintiff, as had also the rights of the depositors of the defendant, which were to have the assets preserved and to have the defendant resume business, or to have its assets sold and the surplus distributed pro rata to the creditors. I am of opinion that the plaintiff, by the assignment, acquired no greater rights than his assignor, and that he stands precisely in the shoes of the latter with respect to his right to enforce the claims. Property which a debtor holds in trust for others, even though he has created the trust, is not subject to an attachment issued against his property. Babcock Printing Press Mfg. Co. v. Ranous, 164 N. Y. 440, 58 N. E. 529; Rogers Locomotive Works v. Kelly, 19 Hun, 399, affirmed 88 N. Y. 234; Van Horn v. Kittitas

County, 28 Misc. Rep. 333, 59 N. Y. Supp. 883, affirmed 46 App. Div. 623, 61 N. Y. Supp. 1150. It will not, I think, conflict with any controlling authority to hold that by comity all of the property of the defendant became impressed with a trust in favor of its creditors, upon the commissioner of banking and insurance taking possession, and that, so far as material here, he should be accorded the same right the assignee in case of a voluntary assignment has, and that thereafter the property of the defendant was not subject to the attachment, and that the remedy of the depositor was that prescribed by the statute pursuant to which he is presumed to have entered into the contractual relation of debtor and creditor with the defendant. See Relfe v. Rundle, supra. It contravenes no statutory law, or public policy, of this state to accord this effect to the statutory law of a sister state, the business of whose citizens is so intimately interwoven with that of our own state. Moreover, to fail to give this effect to the New Jersey law would be opposed to the interests of the citizens of this state, for it would discourage the deposit by nonresidents of funds and securities with our banking and trust corporations. I am of opinion, therefore, that we should by comity apply the same rule that we apply in similar circumstances with respect to banks and trust companies in our own jurisdiction, which precludes one creditor from obtaining a preference by attachment, or otherwise, after the superintendent of banks has taken charge.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.

---

In re TOMBO. (No. 6204.)

(Supreme Court, Appellate Division, First Department. November 6, 1914.)

GUARDIAN AND WARD (§ 11*)—TESTAMENTARY GUARDIAN—RIGHT TO APPOINT —STATUTES—"MARRIED WOMAN"—"HUSBAND"—"LEGITIMATE CHILD."

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 34-39; Dec. Dig. § 11.⁴

For other definitions, see Words and Phrases, Second Series, Married Woman; also First and Second Series, Husband; Legitimate Child.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes