McNELUS et al. v. STILLMAN et al.

(Supreme Court, Appellate Division, First Department.   April 14, 1916.)

1. CORPORATIONS ⬳89(4)—SHAREHOLDERS—LIABILITY.
   Though a stock subscription provided that the amount due should be paid as required by the board of directors, the subscription must be deemed to be payable on demand.
   [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 379, 381; Dec. Dig. ⬳89(4).]

2. CORPORATIONS ⬳261—SHAREHOLDERS—LIABILITY.
   Though a subscription to the stock of a foreign corporation was not due until called by the directors, the fact that the court of the corporation's domicile, in which receivership proceedings were being had, directed the receiver to enforce the liability of shareholders, renders the subscription payable, regardless of demand.
   [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1016–1023, 1068–1075, 2268–2271; Dec. Dig. ⬳261.]

3. CORPORATIONS ⬳255—LIABILITY OF STOCKHOLDERS—ATTACHMENT.
   Where defendants' testator subscribed to the stock of a foreign corporation, the liability on the contract was one which could be enforced by the corporation in its own right in the courts of the state in which either the corporation or debtor resided; hence such debt due from defendants' testator might be attached in the courts of the forum by a corporate creditor, the action not depending on foreign statutes, or being one which could only be enforced by a suit in equity by a creditor for the benefit of all other creditors.
   [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1031–1035; Dec. Dig. ⬳255.]

4. CORPORATIONS ⬳273—SUBSCRIBERS—LIABILITY.
   Where a corporation is dissolved, neither the receiver nor creditor can collect the entire amount due on subscription contracts, unless the amount owing by all solvent shareholders is required to discharge the debts.
   [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1165, 2278; Dec. Dig. ⬳273.]

5. ATTACHMENT ⬳15—PROPERTY SUBJECT TO ATTACHMENT—ESTOPPEL.
   Plaintiff's assignor, a creditor of a foreign corporation, moved in receivership proceedings in the court of the corporation's domicile to reinstate the receiver, who had been discharged, and direct him to sue to enforce the liability of shareholders on their subscription contracts. Thereafter the claim was assigned to plaintiff, and he attached the debt due the corporation from defendants' testator, who was a resident of the state of the forum. Held, that plaintiff was not estopped from attaching the claim.
   [Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 40–42; Dec. Dig. ⬳15.]

6. CORPORATIONS ⬳255—PROPERTY SUBJECT TO ATTACHMENT—RIGHTS OF CREDITORS.
   A foreign corporation became insolvent, and a receiver was appointed by the courts of its domicile, who was directed to enforce liability on stock subscriptions.   Thereafter plaintiff, to whom a claim against the corporation had been assigned, attached the amount due from defendants' testator, a resident of the state of the forum, on a stock subscription. Held that, under the direct provisions of Code Civ. Proc. § 646, such debt was subject to attachment; the involuntary transfer of the foreign cor-

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

poration's property under the laws of the foreign state not precluding attachment.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1031–1035; Dec. Dig. ☞255.]

7. CORPORATIONS ☞255—COMITY—ATTACHMENT AGAINST STOCKHOLDER.

In such case, attachment will not be denied on grounds of comity, nor will the attaching creditor be remitted to his rights in the receivership proceeding in the foreign state.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1031–1035; Dec. Dig. ☞255.]

Appeal from Trial Term, New York County.

Action by James A. McNelus and another against Edwin A. Stillman and others, as sole executors of the last will and testament of Francis H. Stillman, deceased. From a judgment dismissing the complaint at the close of the evidence, plaintiffs appeal. Reversed and remanded.

Argued before CLARKE, P. J., and LAUGHLIN, SCOTT, PAGE, and DAVIS, JJ.

Walter Gordon Merritt, of New York City, for appellants.
A. Parker Nevin, of New York City, for respondents.

LAUGHLIN, J. This is an action brought pursuant to the provisions of sections 677 and 678 of the Code of Civil Procedure, in aid of an attachment. On the 5th day of May, 1911, the plaintiff McNelus commenced an action in the Supreme Court in New York County on a claim alleged to have been *theretofore* assigned to him by the Crane Iron Works, a Pennsylvania corporation, against the Reliance Steel Foundry Company, a New Jersey corporation, and he obtained a warrant of attachment on the same day, which on the 17th day of May, 1911, was duly executed by the sheriff by levying, pursuant to the provisions of section 646 of the Code of Civil Procedure, upon the sum remaining unpaid on a subscription of $2,500 for 25 shares of the capital stock of the Steel Company, alleged to have been made by the defendants' testator, who was a resident of New York, on the 5th day of September, 1907. The Steel Company appeared generally in the action, and judgment was recovered against it on the 10th day of July, 1912, for $5,805.13. Payment of the subscription was duly demanded by the sheriff, but neither the defendants' testator, who died in the month of February, 1912, nor the defendants, his personal representatives, paid the same. This action is brought to recover the amount of the subscription, together with interest thereon, and damages for failure to pay the same.

On the 18th day of September, 1907, a receiver of the Steel Company was duly appointed by the Court of Chancery of New Jersey, and thereupon, according to the statutory law of New Jersey, the corporation was divested of all title to its property, and title thereto vested in the receiver. It appears, by an order of the Court of Chancery of New Jersey discharging the receiver, that the assets were sold by him and the sale confirmed on the 25th day of November, 1908, and

that he was discharged on the 1st day of February, 1909. Evidently the liability of stockholders on stock subscriptions was not sold, for on the 16th day of March, 1909, on the petition of the assignor of McNelus, the receivership was reinstated in the same receiver who had been discharged, with all the powers of a receiver. There is no evidence that this reinstatement of the receivership has been vacated, or that the receiver has been discharged since the reinstatement of the receivership. On the 26th day of March, 1909, on the petition of the receiver, showing the names of stockholders whose stock subscriptions remained unpaid and the amounts thereof, the New Jersey court, in effect, issued an order to them to show cause on June 22, 1909, why they should not be assessed the balance owing on their stock subscriptions as thus shown by the petition of the receiver, it appearing that the unpaid debts of the corporation exceeded the total amount owing on stock subscription; and on the 30th day of December, 1909, on the default of the stockholders in appearing, the court assessed the amounts required to be paid by them, and assessed the sum of $2,500 against the testator of the defendants as the amount of his liability on his stock subscription, and directed the receiver to sue therefor. A copy of the record in the proceedings in the New Jersey court, showing the stock subscriptions, including the subscription of $2,500 for 25 shares by the defendants' testator on the 5th day of September, 1907, was offered and received in evidence without objection. No question appears to have been raised upon the trial with respect to the sufficiency of the proof of the stock subscription, and therefore it must be assumed on this appeal that the testator of the defendants duly subscribed for the stock.

[1, 2] A demurrer to the amended complaint herein for insufficiency was overruled at Special Term, and this court affirmed the order without opinion. 158 App. Div. 933, 143 N. Y. Supp. 1129. It appeared by the amended complaint, which was thus sustained as sufficient, that the stock subscriptions were "to be thereafter paid as required by the Board of Directors." In sustaining the amended complaint, we necessarily held that the stock subscription was due, notwithstanding the fact that there was no allegation that it had been called by the board of directors; and this was upon the theory that the subscription is to be deemed to have been payable on demand. See Howland v. Edmonds, 24 N. Y. 307. The amended complaint did not show the receivership. That was pleaded and proved by the defendants. Any question there may have been, however, with respect to the stock subscription being due without a call, has been removed by the order of the New Jersey court directing the receiver to sue therefor, which was prior to the time the warrant of attachment was levied. See Armstrong v. Danahy, 75 Hun, 405, 27 N. Y. Supp. 60.

[3, 4] The learned counsel for the respondents argues that the liability of their testator on the stock subscription is enforceable only by the receiver, or in a suit in equity by a creditor in behalf of all creditors against all stockholders; and he cites Marshall v. Sherman, 148 N. Y. 9, 42 N. E. 419, 34 L. R. A. 757, 51 Am. St. Rep. 654, as sustaining his contention. In that case the cause of action sought to be

enforced was one given by a foreign statute, not to the foreign corporation, but solely for the benefit of its creditors, and in order that one or more creditors might not be permitted to appropriate to themselves a liability given for the benefit of all, and the opinion was expressed that the remedy should be pursued for the benefit of all, and against all the stockholders in order that the amount of the liability and the equities could be ascertained and adjusted. See, also, to the same effect Howarth v. Angle, 162 N. Y. 179, 187, 189, 56 N. E. 489, 47 L. R. A. 725; Knickerbocker Trust Co. v. Iselin, 185 N. Y. 54, 77 N. E. 877, 113 Am. St. Rep. 863; Shipman v. Treadwell, 200 N. Y. 472, 93 N. E. 1104. In the case at bar the cause of action on the stock subscription arose on a contract with the corporation, and the debt upon which the warrant of attachment was levied was one owing to the corporation itself in its own right, and payment thereof may be enforced in the courts of the state in which either the creditor or the debtor resides. Nat. Broadway Bank v. Sampson, 179 N. Y. 213, 71 N. E. 766, 66 L. R. A. 606, 103 Am. St. Rep. 851; O'Brien v. Glenville Woolen Co., 50 N. Y. 128; Dayton v. Borst, 31 N. Y. 435; Stoddard v. Lum, 159 N. Y. 265, 53 N. E. 1108, 45 L. R. A. 551, 70 Am. St. Rep. 541; Southworth v. Morgan, 205 N. Y. 293, 98 N. E. 490, 51 L. R. A. (N. S.) 56; Myers v. Sturgis, 123 App. Div. 470, 108 N. Y. Supp. 528, affirmed 197 N. Y. 526, 90 N. E. 1162. See, also, Howarth v. Angle, supra. If the corporation had been dissolved, and the action had been brought by the receiver to enforce the liability on the stock subscription, he could not have collected the entire amount, unless the amount owing by all solvent stockholders was required to discharge the debts of the corporation. Stoddard v. Lum, supra. But, as has been seen, it appears by the order of the Court of Chancery in New Jersey assessing the amounts against the stockholders that the remaining indebtedness of the corporation exceeds the entire amount owing by all stockholders, and, moreover, no question with respect to the *amount* of the liability on the stock subscription provided is raised, excepting as it is claimed that the liability was not subject to the attachment.

[5] It is also contended on the part of the respondents that the plaintiff McNelus was estopped from attaching the liability of their testator on the stock subscription, and from maintaining this action, for the reason that his assignor participated in the distribution of the assets of the Steel Company in New Jersey, and that it was on its motion that the receivership was reinstated, and that the assignment of the claim to McNelus was thereafter made. The only evidence of the connection of the assignor of McNelus with the receivership proceedings in New Jersey is the proof that it applied to the court to have the receivership reinstated; and there is no evidence as to whether the assignment to McNelus was made prior or subsequent thereto, if that would constitute any evidence of an estoppel, as to which we express no opinion, for manifestly there is no evidence of estoppel as against McNelus in this record.

[6] The respondents further contend that at the time the attachment was levied the cause of action on the stock subscription had pass-

ed from the corporation to the receiver. So far as it was competent for the Legislature of New Jersey to transfer the property of the corporation to the receiver, owing to the insolvent condition of the company, there can be no doubt but that such is the effect of the New Jersey statute. The cause of action, however, on the stock subscription against a resident of this state, was, for the purposes of our attachment law, a debt due and owing to the corporation here; and by the express provisions of said section 646 of the Code of Civil Procedure, it was subject to levy under an attachment, and with respect to creditors of the corporation pursuing their legal remedies in the courts of this state effect is not given here to the *involuntary* transfer of the property of the debtor by virtue of foreign statutory law. Hammond v. Nat. Life Ass'n, 58 App. Div. 453, 69 N. Y. Supp. 585, appeal dismissed 168 N. Y. 262, 61 N. E. 244; Hibernia Bank v. Lacombe, 84 N. Y. 367, 384, 38 Am. Rep. 518; Barth v. Backus, 140 N. Y. 230, 35 N. E. 425, 23 L. R. A. 47, 37 Am. St. Rep. 545; Nat. Park Bank v. Clark, 92 App. Div. 262, 87 N. Y. Supp. 185. See, also, Mabon v. Ongley Electric Co., 156 N. Y. 196, 50 N. E. 805, and Hallenborg v. Greene, 66 App. Div. 590, 597, 599, 73 N. Y. Supp. 403.

In the view we take of the case, as herein indicated, it is unnecessary to consider whether, if the contentions made in behalf of the respondents were tenable, they could be effectually interposed now, after the recovery of judgment on the debt owing to appellant by the corporation, with the attachment remaining unvacated and that judgment remaining in full force and effect. We express no opinion with respect to the effect the dissolution of the Steel Company might have on plaintiff's judgment against it (see Sinnott v. Hanan, 214 N. Y. 454, 108 N. E. 858; and Rodgers v. Ins. Co., 148 N. Y. 34, 42 N. E. 515) for it does not appear that it has been dissolved, and the point has not been presented.

[7] We are asked on grounds of comity to remit the creditor of the corporation to the jurisdiction of the courts of New Jersey, where he would be permitted to participate with the other creditors of the corporation in any of its assets; but the question of comity was not overlooked in the decisions above cited, and it has long been the established rule in this state that, where the *involuntary* transfer has taken place here, the right of creditors, whether domestic or foreign, to pursue legal remedies and acquire by attachment in foreign jurisdictions a lien on the property of the debtor superior to the title previously acquired by the *involuntary* transfer here, is recognized. Warner v. Jaffray, 96 N. Y. 248, 48 Am. Rep. 616; Barth v. Backus, supra. These precedents are controlling, and this court is not at liberty to consider the question de novo. In Wulff v. Roseville Trust Co., 164 App. Div. 399, 149 N. Y. Supp. 683, we were able to distinguish them, and on motion of the assignee of the assets of a New Jersey trust company, the affairs of which had been liquidated, we vacated an attachment obtained here by the assignee of a *depositor* with the insolvent trust company; but we so decided on the ground that the deposit was made subject to the laws of New Jersey, by which, in case of insolvency, the assets became a trust fund for the benefit of all

creditors. We do not consider that our decision in that case is applicable here, and evidently counsel for respondents does not, for it has not been cited. So far as appears, it is immaterial to respondents to whom they respond on the liability of their testator, and there can be no doubt but that a recovery and satisfaction in this action will fully protect them.

It follows that the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. Order filed. All concur.

---

## SANDERS v. PROCTOR.

(Supreme Court, Appellate Division, First Department. April 14, 1916.)

Corporations ☞100—Subscriptions in Stock—Collateral Agreements.

While the delivery and acceptance of treasury stock would raise an implied obligation to pay, the delivery of unissued corporate stock to the defendant at the request of M., pursuant to agreement between the defendant and M., raised no implied promise to pay for it, and as between the corporation and the defendant there was no obligation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 450, 451; Dec. Dig. ☞100.]

Clarke, P. J., and Smith, J., dissenting.

Appeal from Trial Term, New York County.

Action by Albert Sanders, as receiver, against Frederick F. Proctor, Jr. Judgment for defendant, and plaintiff appeals. Judgment affirmed.

Argued before CLARKE, P. J., and LAUGHLIN, SCOTT, SMITH, and PAGE, JJ.

Louis J. Vorhaus, of New York City, for appellant.
Sumner B. Stiles, of New York City, for respondent.