YOKOHAMA SPECIE BANK, LTD., Plaintiff, *v.* CHINESE MERCHANTS BANK and Another, Defendants.

First Department, February 4, 1927.

Submission of controversy — sufficiency of statement — State Superintendent of Banks took possession of Chinese bank's assets — few days later plaintiff sued Chinese bank in Illinois and levied garnishment upon balance in Chicago bank — liquidator appointed in China — parties stipulated that money be brought from Chicago and our courts determine controversy according to laws of Illinois — State Superintendent acquired no title to assets — determination would depend on whether Illinois courts will as matter of comity recognize claim of State Superintendent — that is question of fact — since it was not stipulated, submission is not sufficient.

A submission of a controversy upon an agreed statement of facts is insufficient, where it appears that the State Superintendent of Banks took possession of

the defendant Chinese Merchants Bank's assets in this State and a few days later the plaintiff sued the Chinese bank in Illinois and levied a garnishment upon the balance in favor of the Chinese bank in a Chicago bank; that after a liquidator was appointed in China, and before a determination of the Illinois action, the parties stipulated that the money be brought from Chicago and that our courts determine the controversy according to the laws of Illinois. The statement is insufficient for the State Superintendent of Banks acquired no title to the assets of the Chinese bank, and, furthermore, the determination in this State of this action will depend upon whether the Illinois courts will, as a matter of comity, recognize the claim of our State Superintendent of Banks, and since that is a question of fact it was necessary to stipulate the same in the submission in order to make it sufficient.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 546 of the Civil Practice Act.

*R. D. Murray* of counsel [*Murray, Hollaman & Lockwood,* attorneys], for the plaintiff.

*John J. Curtin* of counsel [*Wesley S. Sawyer* with him on the brief], for the defendants.

PER CURIAM. Plaintiff is a Japanese corporation licensed to do business by the Banking Department of this State. The Chinese Merchants Bank is a Hongkong corporation similarly licensed. On June 13, 1924, the Superintendent of Banks of New York took possession of the Chinese bank's assets. Three days later the Yokohama Specie Bank, Ltd., sued the Chinese bank in Illinois and levied a garnishment upon a balance in favor of the Chinese bank in a Chicago bank. A winding up petition was filed in Hongkong against the Chinese bank and thereunder, on August 8, 1924, an official liquidator was appointed in Hongkong, The Chinese bank had no defense to the Illinois suit. The Hongkong liquidator gave a notice of his claim to the Illinois assets. but did not appear in that suit and does not appear here. The Chinese bank appears here only by the signature of the Superintendent of Banks. Before judgment was entered in Illinois the parties before us stipulated to discontinue the Illinois suit, bring the money in the Chicago bank with the consent of that bank to New York, deposit it in a special fund and secure a determination of the rights of the parties by the New York courts. The submission provides that the controversy shall be determined under the laws of Illinois, that this court may take notice of the statutes and decisions of Illinois and decide the case as though the Illinois suit had not been discontinued. It further provides that if it is necessary to a final determination of this submission, this court shall assume that the Illinois suit stands as though a final judg-

ment had been entered in favor of the party in whose favor this court may decide; that is, that this court is first to determine in whose favor the decision is to be and then to assume, in reaching that conclusion, a factor dependent upon that conclusion.

The Superintendent of Banks in taking possession of the assets of a bank under the Banking Law\* is merely a receiver in the nature of a liquidator. The corporation is not deprived of its assets and no title is vested in the Superintendent. (*Mechanics & Metals Nat. Bank* v. *Banque Industrielle*, 205 App. Div. 543.) The holding in *Lafayette Trust Co.* v. *Beggs* (213 N. Y. 280, 287) that a judgment recovered after the Superintendent of Banks had taken possession would not constitute a lien on real estate within this State is not inconsistent with this holding. The dictum in Judge Hogan's opinion, relied on by defendant, was concurred in by but one judge, two judges concurred in a separate memorandum and three judges dissented.

The general rule is that a liquidator in one State acquires no title to assets in another State. (*Hibernia Nat. Bank* v. *Lacombe*, 84 N. Y. 367; *Matter of People* [*City Eq. Fire Ins. Co.*], 238 id. 147, 152; *Rhawn* v. *Pearce*, 110 Ill. 350.) Under exceptional circumstances the courts of this State, while recognizing this rule, have as a matter of comity accorded recognition to a foreign liquidator. (*Matter of Waite*, 99 N. Y. 433; *Wulff* v. *Roseville Trust Co.*, 164 App. Div. 399.)

The criterion upon which this submission turns, therefore, is the attitude which would be taken by the Illinois courts in recognizing the claim of the New York Superintendent of Banks, as a matter not of legal right, but of comity. We could only speculate as to what this attitude would be. Whether the court of Illinois would regard the New York liquidator, the Hongkong liquidator, or either of them, as vested with title to this fund is a question of Illinois law as yet undetermined by the courts of that State. To this court, that is a question of fact.

The submission, therefore, does not contain sufficient facts upon which to found a judgment and for that reason should be dismissed.

Present — Dowling, P. J., Merrell, Martin, O'Malley and Proskauer, JJ.

Submission of controversy dismissed.

---

\*See Banking Law, § 57 *et seq.*, as amd.— [Rep.