RUTH S. BARRON, Plaintiff, *v.* WINCHESTER BROADCASTING CORPORATION, Defendant.

Supreme Court, Special Term, Onondaga County, October 2, 1951.

*Philip T. Young* for directors of defendant corporation appearing specially.

*Max L. Stolz* for plaintiff.

MALPASS, J. This is a motion brought on by an order to show cause for an order vacating the warrant of attachment issued in this action and setting aside a levy made thereunder upon the ground that,

(a) Service of the summons was not made upon the defendant within thirty days after granting of the warrant of attachment as required by section 905 of the Civil Practice Act.

(b) The newspapers designated in the order of publication were not most likely to give notice to the defendant as required by rule 50 of the Rules of Civil Practice.

(c) That the defendant corporation having been dissolved prior to the issuance of said warrant of attachment and before the attempted service by publication herein, it was not at the time of the granting of said attachment and is not now possessed of any property within the State of New York which was or is now subject to the attachment herein.

The motion is made on behalf of the directors of the defendant corporation who appear specially for the purposes of this motion only. From the affidavits filed with the court it is established that the plaintiff is the assignee of a claim of one John H. Barron against the defendant for engineering work alleged in the complaint to have been performed by the said Barron for the defendant upon which there is an unpaid balance according to the complaint of $998.35 with interest from September 25, 1947. The defendant is a foreign corporation incorporated under the laws of the State of Virginia and was dissolved under the laws of that State some time in January, 1951. It also appears that the plaintiff is a nonresident of the State of New York.

The objections that the service of the summons by publication was not had within the thirty-day period prescribed by section 905 of the Civil Practice Act seems to be well taken for the reason that the first publication of the summons occurred on August 31, 1951, more than thirty days after the granting of the warrant of attachment. The statute requires that service of the summons must be " commenced " within thirty days after the granting of the warrant of attachment and failure to make the first publication within thirty days requires that the warrant of attachment be vacated. (*Taylor* v. *Troncoso,* 76 N. Y. 599; *Blossom* v. *Estes,* 84 N. Y. 614.)

The plaintiff claims compliance with section 905 as to service of the summons and has filed affidavits, which are undisputed, to the effect that the summons and complaint were served personally upon the secretary of the corporation at West Winchester, Virginia, on August 28, 1951. It is conceded that the warrant of attachment was granted on July 30th. Actual service of the summons and complaint was had within the

thirty-day period prescribed by section 905. It is urged by the moving parties that the service was not complete until the expiration of ten days after the proof of such service was filed which filing was made September 5th and the service, therefore, did not become complete until September 15, 1951. (Civ. Prac. Act, §§ 233–235.) In my opinion the actual service of the summons upon an officer of the defendant within the period of thirty days prescribed by section 905 is sufficient compliance with that section and it is not necessary that the service must be complete within the thirty-day period. This conclusion is amply supported by authority. In *Cooper* v. *Amehler* (178 Misc. 844–846) it was held that " A ten-day period required before service is deemed complete is simply a matter of grace to allow actual notice to be brought to a nonresident before the beginning of a twenty-day period allowed to defendant to answer." This decision follows the reasoning of the Court of Appeals in *Schram* v. *Keane* (279 N. Y. 227) and has been applied in a case arising in the Federal Court in the Southern District of New York (*Kehaya* v. *Axton,* 30 F. Supp. 838).

The moving parties assert that the defendant corporation did not have title to the property which has been attached and that, therefore, the attachment was illegal. It is urged in support of the motion that under the statutes of the State of Virginia relating to the dissolution of corporations that the title of all property belonging to the corporation at the time of the dissolution passed to the directors as trustees to be administered by said directors for the benefit of the creditors and stockholders of the dissolved corporation and that to permit the plaintiff in this action to seize by attachment, property of the corporation in this State and apply it to the payment of plaintiff's claim, would amount to giving the plaintiff a preference over other similar creditors. There is considerable logic in the contention of the moving parties but this court is constrained to hold that under decisions of higher courts the directors of the dissolved corporation are restricted to the proceeding provided for under section 924 of the Civil Practice Act to procure the release of the property which has been attached. (*Hibernia Nat. Bank* v. *Lacombe,* 84 N. Y. 367; *Stern Corp* v. *Silverman,* 257 App. Div. 394; *Dalinda* v. *Abegg,* 177 Misc. 265, affd. 262 App. Div. 999; *Auerbach* v. *Grand Nat. Pictures, Ltd.,* 176 Misc. 1031, affd. 263 App. Div. 712; *McNelus*

v. *Stillman,* 172 App. Div. 307; *Union Smoked Fish Co.* v. *Tillamook Bay Fish Co.,* 113 Misc. 360, affd. 195 App. Div. 893.)

The parties do not agree as to the effect of the law of the State of Virginia and this makes the same a question of fact to be determined upon the trial of the action, or upon the trial of a proceeding instituted by the moving parties under section 924 of the Civil Practice Act. (*Yokohama Specie Bank, Ltd.* v. *Chinese Merchants Bank,* 219 App. Div. 256; *Werfel* v. *Zivnostenska Banka,* 287 N. Y. 91.)

An order may be entered herein denying the motion of the directors of the defendant and permitting an answer in behalf of the defendant to be served within ten days after notice of entry of the order herein upon counsel for the defendant, without costs.