DANIEL A. MORAN, Appellant, v. LONG ISLAND CITY, Respondent.

The provision of the Code of Civil Procedure (§ 1778), providing that in an action against a foreign or domestic corporation upon "a promissory note or other evidence of debt, for the absolute payment of money," the plaintiff may take judgment as in case of default, unless defendant serves with its answer or demurrer a copy of an order directing the issue to be tried, etc., applies to a municipal corporation; and this, although by its charter it is authorized to sue and be sued, to complain and defend. Such a provision in its charter confers no special right not common to corporations in general.
Said provision is constitutional.
*It seems* that the decision of a judge, refusing to the corporation an order for the trial of the issues presented by the answer in such an action, is reviewable on appeal.
*Moran* v. *Long Island City* (38 Hun, 122), reversed.

(Argued December 22, 1885 ; decided March 2, 1886.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made October 30, 1885, which reversed an order of Special Term, denying a motion to vacate a judgment entered herein, and which granted said motion. (Reported below, 38 Hun, 122.)

This action was brought to recover the amount of certain interest coupons attached to bonds alleged in the complaint to have been issued by defendant, a municipal corporation.

The answer denied the issuing of the bonds by defendant ; a copy was served upon plaintiff's attorney, but was returned with a notice indorsed thereon, to the effect that it was returned because no order of a judge was served therewith, as required by the Code of Civil Procedure (§ 1778), and thereupon judgment was entered against defendant as by default.

*Wm. F. Abbett* for appellant. Section 1778 of the Code of Civil Procedure applies to municipal corporations. (Code of Civ. Pro., §§ 431, 525, 1804; *Erkenbrach* v. *Erkenbrach*, 96 N. Y. 466.) An application to the court to enter judgment was

not necessary. (*Hutson* v. *Morrisania S. Co.*, 12 Abb. N. C. 278.)

*A. T. Payne* for respondent. Section 1778 of the Code of Civil Procedure does not apply to a municipal corporation. (*Tyler* v. *Ætna Fire Ins. Co.*, 2 Wend. 280; *Anonymous*, 6 Cow. 41.) The right of defendant to defend an action is the same right accorded a natural person. (Const., art. 8, § 3; *N. Y. Life Ins. Co.* v. *Un. Life Ins. Co.*, 88 N. Y. 424; *Wayland* v. *Tyson*, 45 id. 281; *Thomson* v. *Erie R. Co.*, id. 468.)

RAPALLO, J. We think that section 1778 of the Code is applicable to municipal, as well as to other domestic corporations. They come within the definition of domestic corporations contained in section 3343; they are treated as included in that term in section 431, which prescribes the manner of serving a summons on a domestic corporation, and the Code expressly specifies which of the provisions relating to actions against corporations shall not be applicable to domestic municipal or political corporations. By section 1804, the provisions of articles second, third and fourth of title II are declared not to apply to such corporations, leaving it plainly to be inferred that the provisions of article first of that title are intended to be applied. Section 1778 is one of the provisions of article first, and the conclusion is irresistible that it was intended to leave it applicable, as its terms import, to all classes of domestic corporations.

The sole ground upon which the order of the Special Term was reversed is stated in the opinion at General Term to have been that section 1778 was not applicable to municipal corporations; but on the present appeal the respondent takes the further ground that section 1778 is unconstitutional, in that it impairs the right of the defendant to defend the action.

The same section was considered by this court in *N. Y. L. Ins. Co.* v. *Universal L. Ins. Co.* (88 N. Y. 424), and the point was there made by counsel that the section was unconstitutional, but it was not passed upon directly, the case

having been decided on another ground. Section 1778 was, however, treated in that case as substantially similar to section 4 of the act of 1825, chapter 325, re-enacted with modifications in 2 R. S. 458, §§ 8 and 9, which authorized judgment to be entered summarily on application to the court, against a corporation, after the return of service of process upon it, in an action upon an obligation for the absolute payment of money, etc., unless it should satisfactorily appear to the court by affidavit that the corporation had a substantial defense upon the merits. This provision has stood for over sixty years without question, and it differs from section 1778 only in the mode of procedure, the result of both provisions being that the court must be satisfied that a good defense exists, before a corporation is allowed to defend an action on an obligation of this description.

The defendant would have the same right to a review of the decision of a judge refusing an order for the trial of the issues, which it would have to review an order striking out the answer as sham, or giving judgment on it as frivolous. We should hesitate to pronounce the provision unconstitutional, after a similar provision has stood, and been acted upon by our courts, for so long a period, as a valid regulation of the right of corporations to defend actions brought against them upon written evidences of debt, and of their right to issue such obligations.

The provision of the charter of the defendant authorizing it to sue and be sued, complain and defend in any court, confers upon it no special right not common to corporations in general. The law in respect to defending actions of this description was substantially the same when the defendant was incorporated, and it cannot set up any right, conferred by its charter, which is not subject to the control of the legislature.

No other point has been raised on the part of the respondent.

The order of the General Term should be reversed and that of the Special Term affirmed, with costs.

All concur.

Ordered accordingly.