(28 Misc. Rep. 333.)

## VAN HORN v. KITTITAS COUNTY, WASH.

(Supreme Court, Special Term, New York County. July, 1899.)

1. ACTION AGAINST COUNTY.
    Where a county is authorized by statute to contract, and is rendered liable to suit, an action may be maintained against it in the courts of another state.

2. SAME—WHERE SUIT MAY BE BROUGHT.
    Where statutes have made a county liable to suit both in its own state and in others, a suitor in another state can avail himself of the provisional remedies appropriate to that action in the state where the suit is brought.

3. SAME—ATTACHMENT OF PUBLIC FUNDS.
    Funds raised by taxation and set aside by a county to pay interest on county bonds are not subject to attachment by a creditor.

Action by Frank M. Van Horn against Kittitas county, Wash. Motion by defendant to vacate an attachment, and to vacate and set aside a levy. Denied as to the attachment. Granted as to the levy.

Roosevelt & Kobbe, for the motion.
J. H. Caldwell, opposed.

BEEKMAN, J. The defendant is, by the statutes of the state of its domicile, a public corporation, capable of suing and of being sued. It rests with the state to determine what the powers and liabilities of a county shall be, and, in the case at bar, having authorized the defendant to make contracts and to incur indebtedness, the faculty of being prosecuted in courts of justice for the enforcement of its obligations was a natural and proper accompaniment of the rights conferred upon it. But the objection is made that, while the defendant is capable of being sued, it can be impleaded only in actions brought within its own state, and not elsewhere. There is little authority to be found upon the subject, and, while the question is not at all free from doubt, I am inclined, upon the whole, to the view that, where there is nothing in the nature of the cause of action to forbid it, the right to sue the defendant—a right created for the benefit of the debtor—may be exercised by him in the courts of this state. This seems to be reasonable, and in accord with the general rule applicable to other corporate bodies. With the right to sue here, the debtor may, of course, avail himself of the provisional remedies which under our laws may be properly resorted to in an action. The plaintiff had, therefore, the right to apply for an attachment; and, as the papers upon which the writ was granted seem to be sufficient to sustain it, the motion to vacate it is denied. But the defendant also moves, in the alternative, that the levy which has been made under the warrant, upon the moneys hereinafter referred to, be vacated and set aside. It appears that the treasurer of the defendant, in the performance of his duties, remitted to the Chemical Bank, in the city of New York, a sum of money for the payment of coupons, representing interest about to fall due on certain bonds which had been issued by the defendant, and which, by the terms

of the coupons, was payable at that bank. This money had been raised by taxation, and had been appropriated for the payment of the interest in question. It is true that there was nothing in the arrangement between the defendant and the bank which constituted the latter a trustee for the holders of the coupons, so as to give such holders an interest in the fund which could be enforced against the bank, such as existed in the case of Machine Works v. Kelley, 88 N. Y. 234. The bank was the mere agent of the defendant or of its treasurer, and the money was subject to recall at any time before it was applied to the purposes for which it had been remitted, so that it continued to be the exclusive property of the defendant. It was not, however, the property of the county, in any private or proprietary sense, but was acquired by it for a public purpose, in the exercise of its political powers, and was appropriated for a specific purpose, inconsistent with its use for the discharge of the plaintiff's claim. The affidavit of Mr. Flummerfelt, the county treasurer, clearly shows that it was raised by the levy of "a special tax on the taxable property in said county for the payment of the interest on the outstanding bonds of said county"; that the sums so realized were separated from other taxes collected, were charged on the books of the county treasurer to an account entitled the "Bond Interest Fund," and were treated as constituting a fund specially pledged to the payment of the interest on the outstanding bonds of said county. It is well settled that property thus acquired, held, and appropriated by a public corporation is not subject to levy. In support of this proposition it is sufficient to cite 1 Dill. Mun. Corp. § 100, where the learned author says:

"The revenue of the public corporation is the essential means by which it is enabled to perform its appointed work. Deprived of its regular and adequate supply of revenue, such a corporation is practically destroyed, and the ends of its creation thwarted. Based upon considerations of this character, it is the settled doctrine of the law that not only the public property, but also the taxes and public revenues of such corporations, cannot be seized under execution against them, either in the treasury, or when in transit to it. * * * The doctrine of the inviolability of the public revenues by the creditor is maintained, although the corporation is in debt, and has no means of payment but the taxes which it is authorized to collect."

The fund in question, held as it is by the bank, as the agent of the defendant, is still, in contemplation of law, in the treasury of the county, and clearly comes within the protection of the principle above stated. It follows that the levy made upon it must be vacated and set aside. The right of the defendant to make such a motion upon a special appearance for the purpose is well established. Plimpton v. Bigelow, 93 N. Y. 592, 602. As the record shows, such was the nature of the defendant's appearance in the case cited. Motion to vacate levy granted.

Motion to vacate attachment denied. Motion to vacate levy granted.