PARKS CO. v. CITY OF DECATUR, ILLINOIS.

(Circuit Court of Appeals, Sixth Circuit. June 15, 1905.)

No. 1,385.

1. MUNICIPAL CORPORATIONS—ACTION AGAINST—JURISDICTION.

A municipal corporation is not suable by attachment in the courts of another state.

[Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, §§ 2195, 2201.]

2. COSTS—POWER TO AWARD—DISMISSAL FOR WANT OF JURISDICTION.

A federal court has no authority to award costs on dismissal of an action on the ground that the state court from which it was removed was without jurisdiction.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Costs, § 16.]

In Error to the Circuit Court of the United States for the Western District of Kentucky.

D. W. Sanders and Wm. Furlong, for plaintiff in error.

C. C. Walters, J. H. Latham, and Albert S. Brandeis, for defendant in error.

Before LURTON and SEVERENS, Circuit Judges.

SEVERENS, Circuit Judge. The plaintiff in error, a corporation of Kentucky, instituted this action against the city of Decatur, a municipal corporation of Illinois, by petition conforming to the Civil Code of Practice of Kentucky, in the Circuit Court for Jefferson county in the last-named state, and attached a fund in the German Insurance Bank of Louisville. A warning order was issued summoning the city of Decatur to appear. The writ of attachment was served on the bank, with a notice that the object of the action was to attach all money, choses in action, property, or other evidence of debt in its possession belonging to the city of Decatur. In due season the principal defendant filed its petition and bond for removal of the cause, on the ground of diversity of citizenship of the parties, into the Circuit Court of the United States for the Western District of Kentucky. When the cause reached that court it was assigned to the law docket. The bank filed its answer as garnishee, admitting that it held a fund of $3,000 which was claimed by the city of Decatur by virtue of a check drawn by the plaintiff in favor of the city of Decatur and certified by the bank.

The grounds of the action, as stated in the petition of the plaintiff, were that the plaintiff had on September 16, 1902, made a bid or proposal to the defendant for making an improvement of one of its streets for a certain price, and, as evidence of its good faith, had deposited with the city a certified check for $3,000; that afterwards the board of local improvements of the city declared the said bid null and void, and forfeited said check, and thereupon the city unlawfully, without cause, and without giving to the plaintiff any notice or opportunity to be heard, appropriated the said check to its own use, and thereby deprived the plaintiff of this, its said property, without due process of law. And thereupon the petition proceeds to state, "that, by reason of the facts herein set out, the defendant is justly indebted to this plaintiff for money had and received without consideration therefor, that its said claim is just, that plaintiff ought to recover thereon said sum of three thousand dollars ($3,000), and that the defendant is a foreign corporation of the state of Kentucky." The certified check mentioned in this petition is the same certified check mentioned in the answer of the garnishee.

The cause having been docketed in the court below, the defendant, appearing specially for that purpose, filed a demurrer to the petition, showing cause in the language following: "That this court has not jurisdiction of the person of defendant or of the subject-matter of this suit, or of the res or thing attached herein."

And the defendant moved that the cause be dismissed. Concurrently, the plaintiff moved that the cause be remanded to the state court. The court denied the motions to remand and to dismiss, and overruled the demurrer. Thereupon the defendant, not waiving its objection to the jurisdiction, answered the petition. It is unnecessary to set out the answer in full. It is sufficient for the purposes of the case to say that it claimed to have lawfully forfeited and appropriated the check for $3,000 by virtue of the statutes of Illinois relating to contracts for the making of public improvements by the municipalities of that state. Hurd's Rev. St. Ill. c. 24, as amended by Act May 9, 1901 (Acts 1901, p. 113). Sections 76 and 77, as amended by the act of 1901, provide as follows:

"Sec. 76. * * * All proposals or bids offered shall be accompanied by cash, or by a check payable to the order of the president of the board of local improvements in his official capacity, certified by a responsible bank, for an amount which shall not be less than ten (10) per centum of the aggregate of the proposal. Said proposals or bids shall be delivered to the board of local improvements, and said board shall, in open session, at the time and place fixed in said notice, examine and publicly declare the same. Provided, however, that no proposals nor bids shall be considered unless accompanied by such check or cash.

"Sec. 77. * * * But the checks accompanying such accepted proposals or bids shall be retained in the possession of the president of the said board until the contract for doing said work, as hereinafter provided, has been entered into, either by said lowest responsible bidder or by the owners of a majority of the frontage, whereupon said certified check shall be returned to said bidder. But if the said bidder fails, neglects or refuses to enter into a contract to perform said work or improvement, as herein provided, then the certified check accompanying his bid, and the amount therein mentioned, shall be declared to be forfeited to said city, village or town, and shall be collected by it and paid into its fund for the repairing and maintenance of like improvements; and any bonds forfeited may be prosecuted, and the amount due thereon collected and paid into the same fund."

The default of the plaintiff, upon which the defendant had forfeited and appropriated the check, consisted in the alleged failure of the plaintiff to execute within the stipulated time a proper contract for the performance of the work, and give a proper bond therefor.

A stipulation waiving a jury trial was filed, the facts were agreed upon, and the cause submitted to the court. Because of the judgment finally entered, it is needless to recapitulate the agreed facts. The court made certain findings of law concerning the jurisdictional question as well as the merits. In view of the judgment, these latter—those concerning the merits—may also be passed over. The judgment entered by direction of the court was as follows:

"In consideration of the premises, it is considered and adjudged by the court that the plaintiff's petition be, and it is, dismissed, but that this dismissal is without prejudice to the right of the plaintiff again to sue upon the same cause of action in any court of competent jurisdiction in the state of Illinois. It is further considered and adjudged by the court that the attachment levied on the fund in the hands of the garnishee, the German Insurance Bank, be, and it is now, discharged. It is further considered and adjudged by the court that the defendant recover of the plaintiff its costs herein expended, and may have execution."

To each part of this judgment the plaintiff excepted.

It appears that the opinion of the court in respect to its jurisdiction, given at the hearing of the demurrer, was changed by further consideration, and the question for us is whether its final conclusion is right. The jurisdiction of the court below depended on the jurisdiction of the state court from which the cause was removed. No doubt is entertained that when the defendant is a private citizen of another state, and the plaintiff is either an individual or a corporation having an office and doing business in Kentucky, the statutes of the latter state are sufficient to give the courts of that state jurisdiction of the parties for the purpose of reaching the assets of the defendant within the state and appropriating them to the payment of a judgment which the plaintiff may establish, notwithstanding no personal service of process could be had. But the difficulty here lies in the local and restricted legal habitation of the defendant. In order to maintain the attachment, the plaintiff must obtain a judgment, and his cause of action must be justiciable in Kentucky. The personal presence of the defendant may be dispensed with, but the case must be such that upon actual service of process the court would be authorized to proceed to render a judgment binding the defendant conclusively for all the purposes of a judgment. All defenses are open to the defendant which would be if there were no attachment, and, if the defendant prevails in the principal suit, the attachment fails. The remedy is ancillary merely. 4 Cyc. 398. As elsewhere, the municipalities of Illinois are localized in their sphere of operations. They have no legal presence elsewhere, and its officials do not and cannot ordinarily represent it abroad, certainly not for the purpose of receiving service of process against it, or giving jurisdiction over it, in foreign courts. For this reason, and because of the public inconvenience resulting from carrying on a litigation in a distant forum, the rule has become quite generally recognized that such corporations cannot be sued elsewhere than in the venue of their location; and because the venue of the courts in the counties of England and in the states of the Union is usually, if not universally, coextensive with the boundaries of such counties, the rule is stated in the terms that a suit against a city or town or other limited municipal district must be brought in the courts of the county, and the county itself is only suable there. Pack v. Greenbush, 62 Mich. 122, 28 N. W. 746; Lehigh Co. v. Kleckner, 5 Watts & S. 181; Oil City v. McAboy, 74 Pa. 249; Buck v. Eureka, 97 Cal. 135, 31 Pac. 845; Getman v. New York, 66 Hun, 236, 21 N. Y. Supp. 116; Jones v. Statesville, 97 N. C. 86, 2 S. E. 346; North Yakima v. Superior Court, 4 Wash. 655, 30 Pac. 1053; 14 Encl. of Pl. & Pr. 228, where the rule is stated as follows:

"Actions against municipal corporations, being local and not transitory, must be brought in the courts of the county where such corporations are situated. Courts of other counties have no jurisdiction of suits against them unless such jurisdiction is conferred by express legislative provision."

And this appears to be the law of Illinois concerning its municipalities. Schuyler County v. Mercer County, 4 Gilman, 20; Rock Island County v. State Bank, 31 Ill. 544.

In the federal courts, because the venue from which the jury comes and the bounds of jurisdiction are larger, the amenability of the local municipalities to the service of process is extended correspondingly. But the analogy is complete. In each case the locality of the defendant is within the bounds of the territorial jurisdiction. In Mercer County v. Cowles, 7 Wall. 118, 19 L. Ed. 87, one of the reasons assigned by the defendant why the county could not be sued in the federal court was that a statute of the state required that the action should be brought in the state court of that county. But it was held that such legislation could not defeat the constitutional right of the citizen of another state to bring suit in the courts of the United States. But that was a suit brought in the district of which Mercer county formed a part. The decision furnishes no warrant for holding that Mercer county could have been sued in one of the districts of Kentucky or in any other district of another state. The federal court will, as a general rule, follow the decisions of the state court in regard to such a subject, the exception being that it will not do so where by so doing they would disregard some provision of the Constitution or law of the United States. Cooper v. Reynolds, 10 Wall. 316, 19 L. Ed. 931, is much relied on by the plaintiff. What was there said by Mr. Justice Miller has reference to cases where the action is transitory, and the court would have had jurisdiction if service of process could be had, and not to cases where from the nature of the action it is localized. In Goldstein v. City of New Orleans (C. C.) 38 Fed. 626, before Judges Pardee and Billings, the plaintiff sued the city and several municipalities of Louisiana in the district court of the parish of Jefferson upon obligations which, so far as the city was concerned, were its several obligations, and the law of the state entitled it to be sued in its own parish. The case was removed into the Circuit Court of the United States, the plaintiff being an alien. The city pleaded to the jurisdiction. It was held that the jurisdiction of the federal court depended upon that of the state court, and that, as the state court was without jurisdiction, the federal court had none, and the cause was dismissed.

We do not fail to notice the distinction suggested by counsel for the plaintiff between those obligations of a municipality which result from the exercise of its governmental powers and those which result from the exercise of its rights as a proprietor. But we do not perceive that the distinction is material to the present case. In the cases to which reference has been herein made, the cause of action was generally of a contractual nature, and therefore they are strictly applicable.

It will have been observed that the plaintiff adopts the theory that the defendant has converted the check to its own use, and is liable to the plaintiff as for money had and received; and the plaintiff pursues the fund as one belonging to the defendant, and is seeking to subject it to the payment of a judgment to be obtained for the conversion of the check. The fact that the fund is the subject of the check plays no part in the case. The former ownership of it by the plaintiff is immaterial. The case is the same as if the de-

fendant had acquired it from a stranger. If this $3,000 were a distinct and tangible thing in the possession of the bank, and held by it for the defendant, which the plaintiff claimed to be its own, other conditions would exist, and it may be that the plaintiff could, by a direct proceeding against the bank, recover it. We do not say how this might be. But here the plaintiff abandons all claim to ownership to the defendant, and seeks to subject it to the satisfaction of an obligation which it says the defendant owes it. The essential conditions are therefore the same as if the money in the hands of the bank had come from another source than the plaintiff.

We think the judgment is right, except so much of it as awards costs to the defendant. The suit was properly dismissed because of the lack of jurisdiction in the Jefferson circuit court. If that court had possessed jurisdiction, and the cause had wrongfully been removed to the Circuit Court of the United States, the latter, on remanding it, might have imposed costs against the party procuring the removal under section 5 of the act of March 3, 1875, c. 137, 18 Stat. 472 [1 U. S. Comp. St. 1901, p. 511]. But here there was a lack of jurisdiction from the beginning, and in such case there is no authority for awarding costs.

The judgment will therefore be affirmed, except as to that part of it which awards costs, and as to that it will be reversed. Neither party will recover costs in this court.