BASIL DUGUNDJI, Appellant, *v.* GIOVANNI PAICO, Respondent.

First Department, February 6, 1920.

**Attachment** — service of warrant where property in possession of lienor — order directing lienor to hold balance after satisfying lien improper — ownership by third person of property attached as defense.

Where property was shipped from abroad with bills of lading to a common carrier which recited that they were to be held to the " account of G. Paico," and the goods were placed in a warehouse by the carrier who had a lien thereon, an attachment, in an action against the shipper, is properly served by leaving a copy of the warrant with the carrier which had the bill of lading, and with the warehouseman who had possession of the property itself, as the property was not capable of manual delivery because the owner was entitled only to the remainder after the lien of the carrier had been satisfied.

An order, granted in the action before the defendant was served and without notice to him, and on the consent of the plaintiff and the carrier, providing that the carrier might sell the property and, after satisfying its lien, hold a stated sum to answer any claim that the plaintiff might have by reason

of his attachment, was properly set aside on the motion of defendant, for the provision of the order directing the carrier to hold the proceeds, after its lien had been satisfied, was not in accord with the provisions of the statute which gives to the sheriff, after the satisfaction of the lien, so much of the property as is necessary to satisfy the plaintiff's judgment.

It is no defense to an action in which an attachment is issued that the property attached belongs to a third person, for that claim can be made only by the one to whom the property belongs.

Appeal by the plaintiff, Basil Dugundji, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 15th day of October, 1919, vacating an order theretofore granted and entered in said clerk's office on the 21st day of February, 1919, directing the American Express Company to retain in its possession the sum of $40,000 to satisfy any judgment that the plaintiff might recover against the defendant.

*Isaac W. Goodhue* of counsel [*John D. Lynn* with him on the brief], for the appellant.

*Manfred Nathan* of counsel [*Mingle, Finkelstein & Ehrich,* attorneys], for the respondent.

Smith, J.:

The plaintiff has had certain dealings with the defendant, who was a resident of Athens, Greece, for between five and six years back, and the tobacco here in question was sent by defendant upon plaintiff's offer. This tobacco was sent over by defendant with bills of lading to the American Express Company, the bills of lading reciting that they were to be held " account of G. Paico." When these goods arrived in this country the plaintiff refused to accept them, but brought an action to recover damages against the defendant upon claims connected with prior transactions and also one part of his claim was connected with this very lot which it is claimed was not sent at the time agreed upon. In this action plaintiff sought to attach this tobacco in the hands of the express company as the property of defendant. It seems that the express company had a lien for a little over $5,000 upon this tobacco and the attachment was served by leaving

a copy thereof with the express company and also a copy thereof with the warehouse in which the tobacco was stored. The defendant was served by publication, and while the action was commenced in January, 1919, he did not appear in the action until June. Meantime, and in February, claiming that the action had been commenced by the service of the warrant of attachment, upon the consent of the plaintiff and the American Express Company, the order of February twenty-first was made which has been set aside by the order appealed from. That order provides that these goods may be sold by the express company and their lien deducted from the proceeds of the sale and that the express company will hold $40,000 to answer any claim that the plaintiff may have by reason of his attachment. It makes no provision for the balance of the proceeds, but provides at the end thereof: " That upon the production of evidence tending to establish a prior lien or right to the said sum so retained by the American Express Company, the plaintiff or the American Express Company or the Bank of Athens, or the defendant may apply upon five days' notice for such relief at the foot of this order as may be proper."

After the defendant appeared in the action this motion was made to set aside this order and the motion has been granted, and from the order granting this motion this appeal is taken.

When the plaintiff refused to accept this tobacco it remained *prima facie* the property of this defendant. It was not capable of manual delivery because this defendant was entitled only to the remainder of the property after the satisfaction of the lien of the American Express Company. The situation is similar to that where the property is pledged. The sheriff could not take the property from the pledgee until the money for which the goods were pledged was paid. Nevertheless, the attachment was properly served by leaving a copy of the warrant of attachment with the express company which had the bill of lading, and with the warehouseman who had possession of the property itself, as is provided for service in case of property not capable of manual delivery. (Code Civ. Proc. § 649; *Warner* v. *Fourth Nat. Bank,* 115 N. Y. 254; *Greentree* v. *Rosenstock,* 61 id. 592; *Simpson* v. *Jersey City Contracting*

*Co.,* 165 id. 193.) The express company then held this tobacco for the payment of its lien and was authorized after the giving of notice to sell so much of it as was necessary to satisfy its lien. After the lien was satisfied, so much of the property as was necessary to satisfy the plaintiff's claim came under the supervision and control of the sheriff under his warrant of attachment and the balance of the property belonged to the defendant to dispose of as he might choose — this upon the assumption that defendant has title. This order of February 21, 1919, which has been set aside was made before the defendant was served, and without notice to him. It was made upon consent of the plaintiff and the American Express Company only. It was an unnecessary order, and there is no reason why the property should not pass as is provided by law, especially in view of the possible rights of a third party which will be referred to later. All parties are amply protected by the regular process of law and the provisions of the order, that the express company should hold the property, even though its lien might be satisfied, is not in accord with the provisions of the statute which gives to the sheriff, after the satisfaction of the lien of the express company, so much of the property as is necessary to satisfy the plaintiff's judgment, if one should be obtained. Moreover, the defendant now claims that this property is not his, but is the property of one Gregory Paico, who had authorized him to send the same to plaintiff in execution of his contract with plaintiff. When the sheriff shall have taken into his possession so much of the property as is necessary to satisfy plaintiff's claim after the satisfaction of the lien of the express company, the Code of Civil Procedure makes ample provision for the determination of the claim of a third party, by section 657. It is no defense to the defendant in this action that this was not his property, but that claim can only be made by the one to whom the property belongs, either under section 657 of the Code, or in any other way which the law provides.

It follows that the order of February 21, 1919, was properly set aside and the order appealed from should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., DOWLING, PAGE and PHILBIN, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.