Union Smoked Fish Co., Inc., Plaintiff, v. Tillamook Bay Fish Co., Defendant.

(Supreme Court, New York Special Term, November, 1920.)

Process — when service by publication upon foreign corporation will not be vacated — attachment — Code Civ. Pro. § 657.

> Section 657 of the Code of Civil Procedure provides for the trial of the claim of a third party to property held by virtue of a levy of a warrant of attachment.
>
> Where the sheriff has levied a warrant of attachment upon the proceeds of a draft held by a bank, as the property of the defendant, a foreign corporation, and the defendant, on motion to vacate service on it by publication, alleges that it sold certain goods to the plaintiff and that the draft received in payment therefor, accompanied by the bill of lading, was assigned and delivered to another bank in part payment of a prior loan by it to defendant, the motion will be denied upon the ground that, if granted, the effect would be to render nugatory section 657 of the Code of Civil Procedure.

Motion to vacate service by publication.

Louis J. Gold, for plaintiff.

Rushmore, Bisbee & Stern (George N. Hamlin, of counsel), for defendant.

FINCH, J. Motion to vacate service by publication made on the defendant, a foreign corporation. The plaintiff seeks to sustain the service on the ground that the sheriff has levied pursuant to a warrant of attachment upon the proceeds of a draft held by a bank as the property of the defendant. The defendant alleges that it sold certain goods to the plaintiff and assigned the draft in payment therefor to a bank in Tillamook and delivered the draft, accompanied by the bill of lading, in Tillamook, Ore., in part payment of a prior loan by the latter bank to the defendant. No case has come to the court's attention involving the precise question raised in the case at bar. Cases were cited by counsel where service by publication was vacated because no property was within the state at the time of the service on the foreign corporation. *Hodgens* v. *Columbia Trust Co.,* 185 App. Div. 555. In the case at bar, however, the question turns upon title to the proceeds of property actually levied upon, which was concededly the property of the defendant at one time and which is now held by the sheriff. The defendant urges for the purpose of setting aside the service made upon it that it had assigned such property to a third party. Where property held by the sheriff under a warrant of attachment is claimed by a third party, the Code of Civil Procedure (§ 657) makes provision for a trial of such issue. Besides trying the question of title on affidavits, which the court is always loath to do, the granting of this motion would render nugatory the aforesaid provision of the Code expressly providing the means for the trying of such a question of title. On a motion for alimony *pendente lite* in a matrimonial action when there is raised on affidavits a question of the court's jurisdiction because of the non-residence of the parties, such question is relegated to the trial.

Much more should the question of title in the case at bar not be decided on affidavits.

As was said by Mr. Justice Smith in *Dugundji* v. *Paico,* 190 App. Div. 707, 710: " Moreover, the defendant now claims that this property is not his, but is the property of one Gregory Paico, who had authorized him to send the same to plaintiff in execution of his contract with plaintiff. When the sheriff shall have taken into his possession so much of the property as is necessary to satisfy plaintiff's claim after the satisfaction of the lien of the express company, the Code of Civil Procedure makes ample provision for the determination of the claim of a third party, by section 657. It is no defense to the defendant in this action that this was not his property, but that claim can only be made by the one to whom the property belongs, either under section 657 of the Code, or in any other way which the law provides.''

It follows that the motion should be denied at this time, without prejudice to a renewal later if the facts then warrant.

Ordered accordingly.