## TERRY & CO v HYDE COUNTY, NORTH CAROLINA

Ohio Appeals, 6th Dist, Lucas Co

No 2151. Decided Feb. 11, 1929

Doyle & Lewis, Toledo, for Terry & Co.
Ralph Emery, Toledo, for Hyde County.

WILLIAMS, J.

The first question for our determination is whether Hyde County, North Carolina, can be sued in the state courts of Ohio, its funds tied up under attachment by notice to garnishee and jurisdiction of the person obtained through service by publication. At the common law a county could neither sue nor be sued, and the authority for the action by or against a county must be found in statutory enactments. 15 C. J. 663, Sec. 376. The statute of North Carolina quoted above provides that the county is authorized to sue and be sued in the name of the county. The Supreme Court of North Carolina has held that, under the law of that state at that time, an action against a county must be brought in the county sued. Jones vs. Statesville, 86 N. C., 86, 88. Cecil vs. High Point, 165 N. C., 431. It has generally been held that enabling statutes of this

character only authorize suit against a county to be brought within the county.

15 C. J., 666, Sec. 380;

Shaver, Commissioner vs. Lawrence County, 44 Ark., 225, 229.

Lehigh County vs. Kleckner, 5 Watts & Sergeants Reports (Pennsylvania), 181, 182;

Supervisors of Kane County vs. Young, 34 Illinois, 194;

McBain vs. People, 50, Illinois, 503;

Schuyler County vs. Mercer County, 9 Gilman's Rep. (Illinois), 20.

It has even been held that where the statute authorizes a suit against a county "in any of the courts of this state", that such a provision was not intended to change the rule that suits against the county must be brought in the courts of the defendant county. Clement County vs. Blount County, 160 Ala., 319.

We think that the statutes which authorize a suit to be brought against a county situated within the state, only change the common law rule, which forbad such an action entirely, so as to permit an action to be brought against the defendant couny within that state, and can not be construed to authorize a suit in a foreign state. Such statutes have no extraterritorial force or effect.

There are other salutory reasons why in the instant case the attachment should be dissolved and the service quashed. These reasons are well stated in the opinion in Parks vs. City of Decatur, 138 Fed., 550.

Are school funds subject to levy, attachment or garnishment?

Counsel for plaintiff in error rely upon Van Horn vs. Kitties County, 59 N. Y. S., 883.

A careful reading of the opinion in that case shows that it is an authority for the conclusion which we reach. A good ground for dissolving the attachment in the instant case is that the funds were school funds in transit to the treasury of the defendant county and were not subject to execution, attachment or garnishment. 15 C. J., p. 669, Sec. 386 and cases cited.

It is further claimed by plaintiff in error that the defendant county entered its appearance. Where a person files a motion to dissolve an attachment and by the terms of the motion itself enters his presence only for the purpose of objecting to the jurisdiction of the court, such action does not constitute an entry of appearance in the cause of action upon its merits. **Adams vs. Trepanier Lumber Co., 118 Ohio St., 298.** The same rule would apply to the motion to quash service. The court below properly dissolved the attachment, and as the court had no jurisdiction through service by publication if the attachment was invalid the service fell of its own weight, and the court properly quashed service. It is clear that the defendant did not enter its appearance in the court below, except for the purposes specified in its motions.

For the reasons given the judgment of the court below will be affirmed.

Lloyd and Richards, JJ, concur.