RALPH HARMAN, Plaintiff, *v.* CITY OF FT. LAUDERDALE and Others, Defendants.

Supreme Court, New York County, April 8, 1929.

*William F. Kimber,* for the plaintiff.

*Foley & Martin,* for the defendants.

TOWNLEY, J.   The defendant Broward County Port Authority, alleged in the complaint to be a foreign municipal corporation organized and existing under the laws of Florida, appears specially and makes two motions, which for convenience will be considered together.   One motion is to vacate and set aside a warrant of attachment and the levy thereunder, or in the alternative for certain

specified relief, including an increase in the amount of plaintiff's undertaking on attachment, and the other motion is for an order vacating and setting aside an order directing service of the summons and complaint upon said defendant and any service made thereunder.

The defendant Broward County Port Authority contends (1) that this court has no jurisdiction of the action or of said defendant because it is a foreign municipal corporation performing public functions; and (2) that the certificates of indebtedness and bonds herein involved and the interests, if any, of the said defendant Port Authority therein cannot be levied upon, as they are public property, funds and revenues of said municipality held for public purposes. The complaint herein sufficiently alleges the ultimate facts of a cause of action within section 902 of the Civil Practice Act and the affidavits upon which the warrant of attachment herein was issued comply with our statutory requirements, and as it is established that on an application to vacate a warrant of attachment the merits of the action will not be considered and determined (*Jones* v. *Hygienic Soap Granulator Co.*, 110 App. Div. 331), the validity of this warrant of attachment must be sustained. It cannot be and is not disputed that the defendant Broward County Port Authority is the owner or has a property right or interest in the certificate of indebtedness and in the bonds securing it as collateral, which were properly levied upon by the sheriff on or about January 3, 1929, pursuant to and in accordance with the provisions of subdivision 3 of section 917 of the Civil Practice Act. The levy of attachment is attacked on the ground that the property so levied upon is exempt from judicial process of attachment and levy under execution, because it is public property, funds and revenue of said defendant municipal corporation held for public purposes, and further that such municipal corporation can be sued only in courts at its local situs or domicile.

This levy under this valid attachment should be upheld, for the reason that the property and property rights so levied upon are, in my opinion, clearly property of the Broward County Port Authority, which it holds in a private and proprietary capacity, as distinguished from a governmental and political capacity. The Florida statute (Laws of Florida, Sp. Acts 1927, chap. 12562) creating said Port Authority substantially endows it with all the necessary powers to construct, manage, operate and control an extensive harbor improvement in the designated port district and specifically provides that said Port Authority " shall constitute a body corporate and shall contract on behalf of said District and shall sue and be sued in that name." (§ 4.) In my opinion such functions are private and proprietary, and the operation, control and management of

a harbor district improvement within the powers here conferred upon this Port Authority essentially are not governmental or political functions, but are in the nature of a private business enterprise engaged in with the hope of revenue. The courts in this State have frequently recognized the distinction between those activities of a municipal corporation which are governmental in character and those which are commercial. It has repeatedly been held that the city of New York in the construction and operation of its subways is engaged in a business activity and is subject to the same responsibility as a private corporation. (*Matter of Rapid Transit R. R. Comrs.*, 197 N. Y. 81; *Lloyd* v. *Mayor, etc., of City of New York*, 5 id. 369, 374; *Matter of City of New York*, 127 Misc. 710, 723; *New York & Queens Electric Light & Power Co.* v. *City of New York*, 221 App. Div. 544, 547, 548; *Admiral Realty Co.* v. *City of New York*, 206 N. Y. 110, 128; *Matter of Low*, 233 id. 334, 341; *Litchfield Const. Co.* v. *City of New York*, 244 id. 251, 263.) The same distinction has been applied to the operation of municipal waterworks, gasworks and municipal markets, which are held to be private and proprietary functions and not governmental and political operations. (*Sun Printing & Publishing Assn.* v. *Mayor, etc., of New York*, 8 App. Div. 230; affd., 152 N. Y. 257, and cases there cited; *Matter of City of New York*, 127 Misc. 710, 723.)

Under our statutes an attachment can be made on the property of " a foreign corporation." (Civ. Prac. Act, § 903.) This legislative language makes no exception of a foreign municipal corporation or its property when engaged in a private or proprietary capacity. In *Moran* v. *Long Island City* (101 N. Y. 439) the expression " foreign or domestic corporation," contained in section 1778 of the Code of Civil Procedure, was construed as embracing municipal corporations. I agree with the conclusion of BEEKMAN, J., where he states, in the case of *Van Horn* v. *Kittitas County* (28 Misc. 333, 334; affd., on opinion below, 46 App. Div. 623): " The defendant is, by the statutes of the State of its domicile, a public corporation, capable of suing and of being sued. It rests with the State to determine what the powers and liabilities of a county shall be, and, in the case at bar, having authorized the defendant to make contracts and to incur indebtedness, the faculty of being prosecuted in courts of justice for the enforcement of its obligations was a natural and proper accompaniment of the rights conferred upon it. But the objection is made that while the defendant is capable of being sued, it can be impleaded only in actions brought within its own State, and not elsewhere. There is little authority to be found upon the subject, and while the question is not at all

free from doubt, I am inclined, upon the whole, to the view that where there is nothing in the nature of the cause of action to forbid it, the right to sue the defendant, a right created for the benefit of the debtor, may be exercised by him in the courts of this State. This seems to be reasonable and in accord with the general rule applicable to other corporate bodies. With the right to sue here, the debtor may, of course, avail himself of the provisional remedies, which under our laws may be properly resorted to in an action."

The cases relied on by the moving defendant (*Parks Co.* v. *City of Decatur, Illinois*, [C. C. A.] 138 Fed. 550; *Board of Directors* v. *Bodkin Bros.*, 108 Tenn. 700; *Mayor, etc., of Baltimore* v. *Root*, 8 Md. 95) in my opinion are not controlling upon the question of jurisdiction of this court. The reason for the rule laid down in those cases is generally stated to be that the activities of such corporations are local in their character, and to compel them to respond to suits in distant places would seriously embarrass the exercise of their public duties.

Whatever reasons may be urged in support of this rule as applied to a municipal corporation engaged solely in the exercise of its local governmental functions certainly have no application to a corporation such as is involved here. The activities of this corporation are not local in character. The claim in suit arises out of the repair of a dredge in Philadelphia; the securities attached in this proceeding were deposited in New York to guarantee payment there of obligations arising out of a contract with a Baltimore corporation; its charter by its express terms authorizes the appointment of a registrar for its bonds either within or without the State of Florida; its charter gives it general power to contract. The construction of the elaborate port development authorized by its charter will of necessity require it to contract in an almost unlimited area for material and equipment. This corporation is neither governmental nor local in its principal activities, and there is no reason why its exercise of these broad powers should not be accompanied by the same liability to suit and attachment as would apply in the case of a private corporation exercising the same functions.

In respect to the Arundel Corporation, which is a subcontractor performing certain construction work for the said Port Authority, its special appearance upon this application cannot be considered. If it claims that it owns the property levied upon, it should proceed to assert its rights by a third party claim before the sheriff pursuant to section 924 and the other applicable provisions of the Civil Practice Act.

In respect to the application by the moving defendant to increase the amount of plaintiff's undertaking on attachment, which was a surety bond in the amount of $3,000, I consider that the same is sufficient in amount and should not be increased. In respect to the companion motion made by the moving defendant to vacate and set aside the order directing service of the summons and complaint upon the moving defendant, as I hold that the warrant and the levy thereunder were valid, the order for service must be sustained.

Both motions of the moving defendant are each in all respects denied, with ten dollars costs of each motion. Settle order on notice.