WILLIAM J. DOYLE, Plaintiff, v. CITY OF ASTORIA, ORE., Defendant.

Supreme Court, New York County, December 26, 1932.

*Benjamin Trask,* for the plaintiff.

*S. F. Peavey, Jr.,* for the defendant.

McCook, J. This is a motion to vacate warrants of attachment and levies made pursuant thereto, in two actions brought for recovery of interest admittedly due and unpaid on $30,000 five and one-half per cent bonds of the city of Astoria, Ore. The subject of attachment was a deposit of $8,623.51 in the Chase National Bank of the city of New York to the account of defendant. A foreign municipal corporation under ordinary circumstances will be treated like any other corporation, and the court will take jurisdiction. When a municipality acts in its private or proprietary capacity, its funds are subject to attachment. (*Harman* v. *City of Fort Lauderdale,* 134 Misc. 133; citing *Moran* v. *Long Island City,* 101 N. Y. 439.) The claim is made by defendant that the funds in question were to be used for a specific purpose other than the payment of interest on the five and one-half per cent defaulted bonds. The affidavits submitted fall short, however, of establishing any trust. Though forwarded to the Chase Bank " to pay City of Astoria, Oregon Water Bonds," the money must nevertheless be treated as part of the free funds of the municipality, held in its corporate capacity, and subject to its control. There is no evidence that the debt limit had been exceeded and that further taxation would be impossible, nor any proof that the attachment levied by the plaintiff prevented the municipality from continuing to function. Though counsel have cited no case where an exactly similar situation was presented, and the court has been unable to find such authority, the principles of law involved are well established. The city has not proved the money to be devoted to a governmental purpose, and as such exempt from

attachment. Indeed, the papers show that the funds attached were connected with a municipal enterprise involving operation of and income from its own waterworks. The defendant is thus seen to have been engaged in a business activity and subject to the same responsibilities as a private corporation. (See *Sun Printing & Publishing Assn.* v. *Mayor, etc., of City of New York,* 8 App. Div. 230; affd., 152 N. Y. 257, and the cases there cited.) Maintenance by a city of a system whereby water is supplied to private consumers for compensation was held to involve the ordinary incidents of a business which might become a source of profit, and, therefore, to be a proprietary, not governmental, function, in *Oakes Mfg. Co.* v. *City of New York* (206 N. Y. 221, 228) and *Canavan* v. *City of Mechanicville* (229 id. 473, at p. 476). Any consideration of hardship to other creditors must be disregarded in favor of the plaintiff, whose earlier maturing rights and diligent action enabled him successfully to reach the debtor's assets first.

Motion denied, with ten dollars costs in each action.