## T. W. WARNER CO. v. ANDREWS.

District Court, S. D. New York.
Aug. 22, 1936.

Eli J. Blair, of New York City, for plaintiff.

Straus & Osserman and Abraham M. Lowenthal, all of New York City, for Harry Aaron.

LEIBELL, District Judge.

In an action for breach of contract, the plaintiff obtained in this court on June 29, 1936, a directed verdict against the defendant for the sum of $540,504.01. 15 F. Supp. 564. Thereafter a warrant of attachment was issued against accounts in the brokerage house of Hirsch, Lilienthal & Co. These accounts stand in the names of Pirnie, Simons & Co., Inc., and Harry Aaron, but plaintiff contends they are in reality the property of the defendant, Archie M. Andrews.

After the United States marshal had made a levy upon the accounts aforementioned, a certificate was filed by Hirsch, Lilienthal & Co. in which they stated that they held no property of Archie M. Andrews and that they had "no knowledge or information that said accounts or either of them belong to or are owned by said defendant, Archie M. Andrews."

Thereafter and on July 22, 1936, an order, pursuant to section 919 of the Civil Practice Act, was made by Judge Coxe of this court directing Hirsch, Lilienthal & Co. to appear at this court on July 29, 1936, for examination concerning the property of the defendant Andrews which they held at the time of the levy, and further directing the brokerage firm to produce for use on the examination certain relevant books and documents. This order was signed by Judge Coxe upon proof of service of the warrant of attachment, upon the certificate of Hirsch, Lilienthal & Co. and upon affidavits tending to support plaintiff's claim that the accounts attached are the property of Archie M. Andrews.

On July 29, 1936, the date set for the examination of Hirsch, Lilienthal & Co., orders were signed by Judge Patterson, upon the application of Pirnie, Simons & Co. and Harry Aaron, directing the plaintiff to show cause why the levy of the warrant upon the brokerage accounts should not be vacated. The order of Judge Patterson also stayed the plaintiff from further proceedings until the determination of the motions to vacate the levy. The affidavits upon which the show cause orders were signed, did not advise Judge Patterson of the order of Judge Coxe by which the examination was directed, but merely stated that "the attorney for the attaching plain-

tiff * * * has subpoenaed the officers of Hirsch, Lilienthal & Co. to testify and disclose to the plaintiff all of the private business transacted by Hirsch, Lilienthal & Co. for Pirnie, Simons & Co. Inc. (or in the case of the Aaron account, to testify concerning Aaron's private business). The said subpœna is returnable on the 29th day of July, 1936, at 10:30 A. M." Thus all the facts were not brought to the court's attention when the order to show cause was applied for.

Pursuant to the orders of Judge Patterson, the applications to vacate the levy were later argued before me in the motion part. I shall consider both applications together.

The sole ground upon which Pirnie, Simons & Co. and Harry Aaron seek to vacate the levy upon Hirsch, Lilienthal & Co. is that the brokerage accounts are the sole property of said third parties and that Archie Andrews has no interest in said accounts.

Counsel for the plaintiff, in opposition to the motions, raises the point that the moving parties have not followed the proper procedure. I am of opinion that the point is well taken and that the moving parties herein should have pursued the remedies provided by section 924 et seq. of the Civil Practice Act.

Pursuant to the provisions of section 726 of title 28 of the United States Code and rule 5 of the Common Law Rules of this court, the Federal District Court of this district will, in common law causes, follow the New York law with respect to the attachment of defendant's property.

The third party claimants to the property attached should therefore have complied with the provisions of section 924 et seq. of the Civil Practice Act. Union S. T. Co., Inc., v. Tillamook Bay F. Co., 113 Misc. 360, 185 N.Y.S. 479, affirmed 195 App.Div. 893, 185 N.Y.S. 957; Harman v. City of Ft. Lauderdale, 134 Misc. 133, 234 N.Y.S. 196. The present motions may therefore be denied on that ground alone.

However, giving due consideration to the merits of the present applications of Pirnie, Simons & Co. and Harry Aaron, I am obliged to deny the motions. On the facts set forth in the affidavits before me,

"there is reason to suspect" that the certificate furnished by Hirsch, Lilienthal & Co. "fails fully to set forth the facts required to be shown thereby" (section 919, Civil Practice Act). Judge Coxe was evidently of the same opinion when he signed the order directing Hirsch, Lilienthal & Co. to appear for examination pursuant to that section. The obligation to submit to examination cannot be avoided by presenting the claims of third parties that the property in question belongs to them, not to the defendant. The plaintiff is entitled to an examination in order to determine the real facts.

The reasoning in the decision of the Circuit Court of Appeals in this circuit in Capital Company v. Fox, 85 F.(2d) 97, decided July 27, 1936, is applicable here. In that case, certain brokerage houses were served with third party subpœnas in proceedings supplementary to judgment recovered against the defendant Fox. They moved to vacate the subpœnas, asserting a privilege against the disclosure of any information in their possession regarding transactions with the persons named, who were their customers. The plaintiff charged, in substance, that the property of William Fox was being concealed and disguised under the form of the "All-Continent Corporation," which was controlled by relatives and associates of Fox. Affidavits were submitted by Fox' wife and daughter which alleged that none of the property held by them belonged to Fox.

The motions to vacate the subpœnas in the Fox Case were denied by this court and the Circuit Court of Appeals affirmed. The New York state law was held to apply. Similarly, in the case at bar, section 919 of the Civil Practice Act applies. Objections similar to those made in the case at bar were overruled in the Fox Case.

The motions of Pirnie, Simons & Co., Inc., and Harry Aaron are accordingly denied, and the stays of the examination directed by the order of Judge Coxe, dated July 22, 1936, are vacated. Settle order on one day's notice upon each motion. The orders should, among other things, direct that the examination of Hirsch, Lilienthal & Co., as provided by said order of July 22, 1936, be held on the next general motion day of this court, specifying the date and place of such examination.