238

## T. W. WARNER CO. v. ANDREWS.

District Court, S. D. New York.
Sept. 4, 1936.

See, also, 15 F.Supp. 564.

Eli J. Blair, of New York City, for plaintiff.

Straus & Osserman, of New York City, for Pirnie, Simons & Co., Inc., and Harry Aaron, claimants herein.

MANDELBAUM, District Judge.

Two applications were made before me seeking orders directing the plaintiff to increase its security given herein on the granting of a warrant of attachment. Since the relief sought in both applications is identical, the court shall consider both applications together.

Neither of the moving parties herein is a defendant in the above action. They are the claimants to certain stock accounts in the brokerage house of Hirsch, Lillienthal & Co.

The plaintiff contends that, in reality, these accounts are the property of the defendant, Archie M. Andrews, but are carried in the name of the claimants, Pirnie, Simons & Co., Inc., and Harry Aaron, as a cloak to conceal the identity of the true owner. A determination, however, of this issue is not necessary for the disposition of these motions.

After recovering a judgment against the defendant, the plaintiff attached these various accounts by virtue of a warrant of attachment and filed a $5,000 bond for the protection of the defendant, should the levy under the warrant of attachment prove to be wrongful or unlawful as required by sections 819 and 907 of the Civil Practice Act.

Motions were heretofore made by the claimants herein for an order vacating the aforesaid levy. Judge Vincent L. Leibell of this court, in a well-reasoned opinion, denied the motion. See opinion by Leibell, D. J., in T. W. Warner Co. v. Andrews, 15 F.Supp. 1055. The court considers Judge Leibell's decision as controlling of the issues at bar.

Counsel for the plaintiff, in opposition to these motions, again raised the point, as he did before Judge Leibell, that the moving parties herein should have pursued the remedies provided by sections 924 and 925 of the Civil Practice Act. The court is in accord with this contention and regards the same as sufficient ground for the denial of the present motions; and will, therefore, not consider any of the other grounds urged by the plaintiff.

The federal District Court of this District, will, in common-law causes, follow the New York law with respect to the attachment of defendant's property. Section 726 of title 28 of the United States Code (28 U.S.C.A. § 726), and rule 5, Common Law Rules of this court.

Under section 948 of the Civil Practice Act, the defendant or a person who has acquired a lien or interest in his property after it has been attached, may apply at any time before the actual application of the attached property to the payment of the judgment recovered to increase the security given by the plaintiff.

This section is, therefore, plainly intended for the protection of the defendant or any one who has acquired a lien on the property attached. The claimants do not point out that they are within the provisions of this section. As a matter of fact, they are acting independently of the defendant and maintain that the property belongs to each of them. Hence, they are not within the provisions of this section.

It is obvious that the movants (claimants) have no right to increase the bond given on the attachment as that bond runs to the defendant and cannot enure to their (claimants') benefit. Fuerstenberg v. American Soda Fountain Co., 21 App.Div. 501, 48 N.Y.S. 508.

It appears to the court that the claimants herein should have resorted to their remedies under section 924 et seq., of the Civil Practice Act. Union S. F. Co., Inc. v. Tillamook Bay F. Co., 113 Misc. 360, 185 N.Y.S. 479, affirmed 195 App.Div. 893, 185 N.Y.S. 957; Harman v. City of Ft. Lauderdale, 134 Misc. 133, 234 N.Y.S. 196.

The motions of Pirnie, Simons & Co., Inc., and Harry Aaron, are accordingly denied, and the stays of the examination directed by the order of Judge Coxe dated the 22d day of July, 1936, are vacated. Settle order on one day's notice upon each motion. The orders should, amongst other things, direct that the examination of Hirsch, Lillienthal & Co., as provided by said order of July 22, 1936, be held on the next general motion day of this court, specifying the date and place of such examination.