DAVID S. STERN CORPORATION, Appellant, *v.* MAURICE SILVERMAN and DAVID SILVERMAN, Copartners, Doing Business under the Firm Name and Style of " P. SILVERMAN & SON," Respondents.

First Department, June 29, 1939.

*Irving Rodin*, for the appellant.

*Harry P. Rich*, for the respondents, appearing specially.

CALLAHAN, J. Plaintiff attempted to obtain jurisdiction of the defendants by service of a summons personally without the State after making an alleged levy under a warrant of attachment on goods within the State. Defendants moved to set aside the service on the ground that the goods levied on were not the property of the defendants. The issue of fact concerning the ownership of these goods was sent to a referee, who found that they were the property of a third person. Based on that finding the Special Term vacated service.

The appellant contends that there is no authority for this procedure, but that the question whether title to the seized chattel was in defendants or a third person can only be determined by proceedings in compliance with section 924 of the Civil Practice Act. This contention is sustained by the case of *Union Smoked Fish Co., Inc., v. Tillamook Bay Fish Co.* (113 Misc. 360; affd., 195 App. Div. 893).

The order so far as appealed from should, therefore, be reversed, with twenty dollars costs and disbursements to the appellant, and the motion in all respects denied, with leave to the defendants, on payment of said costs, to interpose an answer wherein, if desired, the issue of ownership of the goods attached may be raised. (*Muslusky* v. *Lehigh Valley Coal Co.*, 225 N. Y. 584, 587.)

MARTIN, P. J., and COHN, J., concur; TOWNLEY and UNTERMYER, JJ., dissent.

UNTERMYER, J. (dissenting). The jurisdiction of the Supreme Court over the defendants depended upon an attachment of their property within this State. Jurisdiction of the defendants was not acquired by seizure of property of someone else. The rights of the defendants were no more affected thereby than if no property, either of theirs or of others, had been attached. Accordingly, when it was established that the property attached did not belong to the defendants, the court was required to vacate the service of the summons and complaint on the defendants in the State of Maine. The reversal of the order, though with leave to interpose an answer contesting the issue of ownership of the property attached, deprives the defendants of the opportunity to test the question of ownership, and hence of jurisdiction, before they are subjected to the inconvenience and expense of appearing generally in the action to defend upon the merits.

Section 924 of the Civil Practice Act would only apply to a claim of ownership of attached property by a third party and, accordingly is not involved in this proceeding.

The order should be affirmed.

TOWNLEY, J., concurs.

Order, so far as appealed from, reversed, with twenty dollars costs and disbursements, and the motion in all respects denied, with leave to the defendants, on payment of said costs, to interpose an answer within twenty days after service of a copy of the order with notice of entry thereof.