Matthew M. Levy, J.
One Schumer instituted an action in this court in contract against Hamburger & Co. ’s Bankierskantoor N.V., a foreign banking corporation. An attachment was procured by the plaintiff against the defendant under sections 902 and 903 of the Civil Practice Act. Pursuant to the warrant, the Sheriff levied upon certain securities here — in the possession of the Guaranty Trust Company of New York — *49 as the property of the defendant. One Werner, claiming ownership of the securities, applied to the court to direct the Sheriff to release the property levied upon, unless the plaintiff duly indemnifies the Sheriff against Werner’s claim (Civ. Prac. Act, § 924, subd. 1). The plaintiff thereupon, as provided in that subdivision, requested the court to fix the amount of such indemnity. This the court did, and directed the Sheriff to release the property from the attachment unless the plaintiff furnished the Sheriff appropriate indemnity. The plaintiff duly indemnified the Sheriff, and the attachment remained.
The Guaranty Trust Company, however — because of Werner’s claim to title — did not make delivery of the property to the Sheriff, who has thus been unable to reduce the property attached to his actual possession. Thereupon, pursuant to leave of court, Schumer was permitted to maintain the present action — in his own name and in the name of the Sheriff as plaintiffs — against the Guaranty Trust Company as defendant, for the purpose of recovering the property theretofore attached by the Sheriff. (Civ. Prac. Act, § 943.) Werner (maintaining his claim of ownership) has now moved for leave to intervene as a party in this action; and the propriety of his application is the question before me.
Subdivision 2 of section 924 of the Civil Practice Act provides that: “ 2. If any personal property attached, seized or levied upon is claimed by or on behalf of another person, as his property, at any time after an action or special proceeding has been commenced by the sheriff or by the sheriff and plaintiff jointly, to reduce to sheriff’s actual custody the personal property capable of manual delivery or to collect, receive and enforce the debts, effects and things in action, as provided in this article, the claimant, in addition to any other rights which he may have, may intervene in any such action or proceeding then pending and assert therein his right, title or interest in or to the said property.”
No precedents in point have been cited. But I should have supposed that this legislation is plain enough to warrant (if not require) the requested authorization to intervene. In opposition, the plaintiff urges that the remedy afforded a third-person claimant by subdivision 2 is alternative to that provided for in the first subdivision of section 924. I do not thus read the language of the statute. The claimant has the right to and “ may intervene ” “in addition to any other rights which he may have ”. The right which the claimant seeks to assert is “ his right, title or interest in or to the said property ” which the Sheriff has attached as belonging to another.
*50 Recognizing that attachment runs counter to the fundamental common-law concept that before depriving a party of his property, opportunity for proper adjudication should be offered (Reich v. Spiegel, 208 Misc. 225, 230), the claimant’s right to his own property is protected and preserved by the statute through all the vicissitudes of the seizure — unless and until there has been a determination duly made that the claimant has no right, title or interest in the property. There has as yet been no such adjudication in the case at bar. And, indeed, that was the result, of plaintiff ’s own choice. For it was the plaintiff who was afforded alternative relief under section 924. As there provided, the plaintiff might have (a) shown “ such facts as may be deetned by the court sufficient to entitle him to a hearing to try the title to the said property ’’..attached,' or might have (b) requested the court to “ fix the amount of indemnity to be furnished by him to the sheriff ”, so that the Sheriff will maintain the levy notwithstanding the claim made by the third person. As has been seen,' the plaintiff chose to have indemnity fixed and not to try title. Under section 944-a, the Guaranty Trust Co. may (among other grounds) defend this action against it by seeking a ‘‘ determination of the rights, if any, of any adverse claimants to said property or any part thereof which would be available to him if such action or special proceeding were brought by or in the name of the defendant [Hamburger] in the attachment action.” It may be that Hamburger, the defendant in the action-in-chief, does not wish, or (assuming the desire) has no right, to move to vacate the levy on the ground that the property subjected to the levy is not its property (see Stern Corp. v. Silverman, 257 App. Div. 394). But, under subdivision 2 of section 924 the claimant himself ‘ ‘ may intervene in any such action or proceeding then pending [instituted by the attaching sheriff to reduce the attached property to possession] and assert therein his right, title or interest in or to the said property. ’ ’
In consequence, Werner’s motion to intervene is granted. Settle order.