150 N.J. Super. 119 (1977)
374 A.2d 1258
LIQUID CARBONIC CORPORATION, A DELAWARE CORPORATION AUTHORIZED TO DO BUSINESS IN THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CITY OF NEW YORK, A MUNICIPAL CORPORATION OF THE STATE OF NEW YORK, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted March 1, 1977.
Decided May 25, 1977.
*120 Before Judges LORA, CRANE and MICHELS.
Mr. James F. Schwerin, attorney for appellant.
Mr. Charles E. Villanueva, attorney for respondent.
The opinion of the court was delivered by CRANE, J.A.D.
The defendant City of New York appeals from the entry of a default judgment against it in the sum of $41,727.98 plus costs in an action to recover for the alleged failure of the city to return cylinders in accordance with a contract under which plaintiff delivered acetylene gas to various city hospitals.
Defendant contends that the trial judge erred in denying its motion to dismiss the complaint on jurisdictional grounds and that he erred in denying its motion to vacate the default judgment.
The complaint was served on defendant city by certified mail in September 1975. At the argument of the motion to dismiss below, counsel for the city admitted that the city advertised for bids in a publication known as the New York City Record. Nor was it disputed that plaintiff made deliveries of the acetylene gas cylinders from New Jersey to New York City. The trial judge found that by advertising in the New York City Record the city intended to solicit bids from corporations doing business in New Jersey and that there were sufficient minimal contacts in the State of New Jersey to form a basis for the assumption of jurisdiction by a court of New Jersey.
We have carefully reviewed the record and have concluded that the judge erred in denying defendant's motion to dismiss. It is generally held that an action against a municipal subdivision is local in nature and must be brought in the jurisdiction where it is situated. Eastern Union Co. v. Moffat Tunnel Improvement Dist., 36 Del. 488, 178 A. 864 (Super. Ct. 1935); Marshall v. Kansas City, 95 Kan. 548, 148 P. 637 (Sup. Ct. 1915); Parks Co. v. *121 City of Decatur, 138 F. 550 (6 Cir.1905); Annotation, "Actions Against Foreign Municipalities," 93 A.L.R. 509 (1934); 56 Am. Jur.2d, Municipal Corporations, § 853 at 836 (1971). Some courts have departed from the general rule where the suit was commenced by attachment, National Shawmut Bank v. City of Waterville, Me., 285 Mass. 252, 189 N.E. 92 (Sup. Jud. Ct. 1934); Harman v. City of Ft. Lauderdale, 134 Misc. 133, 234 N.Y.S. 196 (Sup. Ct. 1929); Doyle v. City of Astoria, 147 Misc. 127, 262 N.Y.S. 572 (Sup. Ct. 1932), aff'd 238 App. Div. 833, 262 N.Y.S. 973 (App. Div. 1933); Van Horn v. Kittitas County, 28 Misc. 333, 59 N.Y.S. 883 (Sup. Ct. 1899), aff'd 46 App. Div. 623, 61 N.Y.S. 1150 (App. Div. 1899), or where the activity which gave rise to the suit occurred in the state where the action was brought, Baker v. Kansas City, 118 Kan. 27, 233 P. 1012 (Sup. Ct. 1925), app. dism. 273 U.S. 666, 47 S.Ct. 458, 71 L.Ed. 830 (1927). The general rule is based, as we perceive it, on fundamental concepts of comity and public convenience. Parks Co. v. City of Decatur, supra at 553. We find no reason to depart from it here. Cases such as Avdel Corp. v. Mecure, 58 N.J. 264 (1971), and Resin Research Lab. Inc. v. Gemini Roller Corp., 105 N.J. Super. 401 (App. Div. 1969), which discuss what contacts are sufficient to permit service of process on private corporations pursuant to New Jersey's long-arm rule, have no application to the question of jurisdiction over a municipal subdivision of a sister State.
In view of our resolution of the issue of jurisdiction, it is not necessary for us to consider the remaining issue of the propriety of denying defendant's motion to vacate the default judgment.
Reversed.